UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 04-128 (RMC) |
| | : | |
| **JOHN L. FRANKLIN, ET AL.** | : | |
| | : | |
| | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM DEMONSTRATING A NEXUS OF MURDERS TO RICO CONSPIRACY**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this supplemental memorandum in opposition to the defendant Franklin's motion to sever (Document 292) and reply to the Government's opposition (Document 350). On November 4, 2005, the Court directed that the Government file this supplemental memorandum not later than November 14, 2005. The motions for severance remain devoid of merit and should be denied. The Government asserts the following in support of this opposition:

1. In the above captioned case, defense counsel for Franklin claimed that the Government failed to reply to its various allegations that murders and violent crimes are unrelated to the RICO conspiracy and hence, the severance motion should be treated as conceded. The allegation in the reply is devoid of merit and should be summarily denied first, because the Government did address the allegations of lack of nexus to the RICO conspiracy and secondly, the

murders and violent crimes are indeed logically connected to the RICO conspiracy.

2.   The Government's opposition to severance (Document 348) addressed the defendant's complaints in pages 2-4, and again, under a misjoinder argument in pages 15-16.  The indictment put the defendant on notice of what to defend against, including murders and other violent crimes.  Count Two, the Racketeering Conspiracy, Paragraph A(3), states the pattern of racketeering acts that constitute the enterprise.  Each crime alleged in the indictment constitutes the pattern of racketeering acts that is logically connected to the racketeering enterprise by explicit evidence of a motive or a nexus.  The indictment recites the types of motives and hence the various types of connection to the racketeering enterprise.  Part C of Count Two of the same indictment (Count Two), explains the various means by which the conspirators accomplished the goals of the conspiracy.  It is sufficient for purposes of joinder and hence for charging, that the various crimes are charged as a series of acts or transactions that are part of a common scheme or plan. United States v. Brown, 823 F.2d 591, 598 (D.C. Cir. 1987).  United States v. Perry, 731 F.2d, 985, 990 (D.C. Cir. 1984). There is a valid basis for joinder when there is a common thread or logical relationship between the acts or transactions charged in the indictment. United States v. Spriggs, 102 F.3d 1245, 1255 (D.C. Cir. 1996), cert. denied, 522 U.S. 831 (1997).

3. The indictment however, does not elaborate the proof for each count, nor should it. Federal Rule of Criminal Procedure, 7(c). This indictment however, goes much further than the plain and concise statement required by the Federal Rules, because it provides the defense with a great deal more information than necessary. As noted previously, it even provides the variety of motives that constitute the nexus between the various criminal acts and the racketeering enterprise. It does not link however, each motive with each particular predicate criminal act. As many jurists have recognized, the logical nexus between a particular crime and the racketeering enterprise is a factual matter, that is, a matter involving proof, not a matter of pleading. See, United States v. Private Sanitation Industry, 793 F. Supp. 1114, 1144 (E.D. N.Y., 1992). Ordinarily, demonstration of the required nexus between the enterprise and the individual racketeering acts is a factual matter that must await the presentation of proof at trial. Id. at 1144.

4. At trial, and in order to survive a motion for judgement of acquittal, the Government's evidence must demonstrate a nexus between a crime charged as a RICO predicate act, and the enterprise. United States v. Thai, 29 F.3d 785, 818 (2d Cir. 1994) (The Court of Appeals reversed a murder conviction under 18 U.S.C. §1959 where the evidence proved that the defendant committed a bombing solely for personal payment from a group and the bombing was unrelated to the enterprise's activities.) For example, a defendant who commits a

murder for purely personal motives, such as to make money or who kills to satisfy a need for personal revenge, does not violate 18 U.S.C. §1959, violent crime in aid of racketeering.  Rather, the Government must present some evidence that the crime of violence is connected to the enterprise.  United States v. Ferguson, 246 F.3d 129, 136-137 (2d Cir. 2000)(sustaining a trial court ruling to set aside the verdict and grant a new trial for a prosecution under 18 U.S.C. §1959, where the Government's evidence did not show that the shooting was for any amount of money, and where the evidence otherwise failed to show any evidence that any money was offered or paid in consideration for the crime of violence).

5.  Moreover, courts have upheld such convictions of violent crimes charged as RICO predicate acts, and/or under  18 U.S.C. §1959, when there is evidence of multiple motives.  For example, the Second Circuit Court of Appeals upheld the conspiracy murder in aid of racketeering conviction when there was evidence that the defendant participated in the crime as an act of personal revenge and out of a desire to advance his standing/status within the racketeering enterprise.  United States v. James, 239 F.3d, 120, 124 n.5 (2d Cir. 2000) cert. denied, sub nom., Francis v. United States 532 U.S. 1000 (2001).  Similar decisions were rendered in United States v. Concepcion, 983 F.2d 369, 381 (2d Cir. 1992), and United States v. Tipton, 90 F.3d 861 (4th Cir. 1996).  More importantly, in United States v. Concepcion, supra, the court explicitly rejected any notion

4

that the Government is required to prove that maintaining or increasing position in the racketeering enterprise was the defendant's sole or principal motive.  Id. at 831. The motive requirement is satisfied if the jury could properly infer that the defendant committed the violent crime because it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership.  Id. at 381. Also, the Fourth Circuit upheld the convictions of murder under 18 U.S.C. §1959, when evidence established that a defendant's primary motive in killing was private revenge, but there was evidence that once the defendant enlisted the aid of his fellow enterprise members, he acted not only for himself, but also as a member of the enterprise. United States v. Tipton, 90 F.3d 861, 891 (4th Cir. 1996). Finally, the Second Circuit Court of Appeals upheld convictions under the RICO statute for murders and attempted murders when there was evidence from which a jury could infer that such crimes maintained or increased the defendant's position within a racketeering enterprise, which was the Islamic Jihad.  United States v. Rahman, 189 F.3d 88, 126-127 (2d Cir. 1999).  In that case, the Court found that a defendant's claim that it was his "duty" to murder a private Israeli citizen, was motivated by a desire to maintain or elevate his position in the racketeering organization.  Id. at 127.

    7.  Even though the law is settled that demonstration of the nexus between a particular criminal act and the racketeering

enterprise is a matter of proof to be resolved at trial, and the defendant is not entitled to such a preview, nevertheless, the Government will provide a "preview" of the motive or nexus for the offenses:

    i) Counts 110 through 119 charge robbery and burglary, and the murder of Mr. Cunningham and Mr. Lane on August 1, 2000. The Government's evidence is expected to show that defendants Gooch, Robinson and Dorsey committed these murders in conjunction with a plan to steal money and drugs from Cunningham and Lane. The violent crime in aid of racketeering offense, 18 U.S.C. §1959 (hereinafter, "VICAR") states that murders done for pecuniary gain or for the "purpose of gaining entrance to or maintaining or increasing position in the enterprise," qualify. Here, the Government's evidence will show that the robbery and murder was done by members of the enterprise, to enrich the enterprise and each defendant's position in the enterprise was both benefitted by and enhanced by his participation in the robbery and the execution style killing.

    ii) Counts 122- 124 charge Larry Gooch with assault with intent to kill a police officer while armed. This crime is connected with the racketeering enterprise because Larry Gooch shot at the officer and two police cars in an effort to distract or divert the police attention from the arrest of another conspirator, Keith Odle.

    iii) Counts 120 and 121 charge Larry Gooch with the September 13, 2002 murder of Miguel Miles. Evidence will show that

Larry Gooch committed this murder to quiet Miles who had just purchased liquid PCP and who was yelling, and drawing attention to himself and others involved in the sale of PCP. The motive of this murder also supports VICAR because Larry Gooch was the self-appointed enforcer in the block for the drug market and thereby maintained his position in the enterprise. (We note that the law requires only a logical nexus of the crime with the enterprise, not that the crime itself be logical or otherwise rationally explained.)[1]

    iv). Counts 125 through 128 charge Larry Gooch with the murder of Yolanda Miller and Calvin Cooper on February 21, 2003. The Government's evidence is that Larry Gooch killed these two (boyfriend and girlfriend) for multiple motives and what amounted to a combination of motives related to Gooch's position as enforcer for the enterprise. Yolanda Miller was suspected of stealing drugs from other members of the enterprise at 18th and M Streets. Also, the two were suspected of cooperating with law enforcement. In addition, Miller and Cooper had set up traffic cones so as to divert drug customers specifically to their region of the block and cut off sales to other members of the enterprise. There is addition evidence the that Larry Gooch told a cooperating conspirator that he had to kill

---

[1]/Obviously, shooting and killing a drug induced misbehaving customer may quiet the customer, but most assuredly, the gunfire will draw the attention of the police, as it did here. There is the required nexus to the enterprise, although the shooting itself did not achieve the intended result of eliminating undue attention to the drug marketplace.

them both to punish her (Miller). These factors, individually and collectively, explain a culmination of factors that led Larry Gooch to decide to kill them both and that decision and that act, served the purposes of the enterprise.

      v) Counts 129-132 charge defendants Franklin and Simmons with the March 28, 2003 murder of Mr. Lurk and the attempted murder of Mr. Anderson. The Government's evidence is that defendant Simmons was embarrassed and ridiculed ("disrespected") by others at a D.C. nightclub and complained of the incident to John Franklin, the leader of the 18th and M Street Crew. Both armed themselves, went back to the club, found those that had "disrespected" Simmons, and shot them both, killing Mr. Lurk and wounding Mr. Anderson. Although the facts suggest personal revenge as a motive, Mr. Simmons recruited the leader of the enterprise to exact vengeance and the their combined efforts, as in the Tipton, supra, decision, although retaliatory in nature, furthered the enterprise by demonstrating that anyone who antagonizes or attacks any one member of the enterprise, will be killed.[2]

---

    2/United States v. Jones, 291 F. Supp. 2d 78, (D. Conn. 2003) is relied upon heavily by defense counsel to support the position that these violent crimes were not related to the enterprise. We think that Jones was wrongly decided, as there was evidence that Jones, the leader of an enterprise, was "disrespected" publicly at a party. Hence, Jone's decision to retaliate is explained both by personal vengeance and additionally, by the need to assure and demonstrate to others his status in the enterprise. United States v. Tipton, 90 F.3d 861 (4th Cir. 1996) is the better reasoned decision. At any rate,
                                                                       (continued...)

8. In sum, just as the Government had argued in its opposition to severance, as long as the particular acts were done in furtherance of the enterprise, joinder of these violent and non-drug trafficking crimes remains permissible. United States v. Eufrasio, 935 F.2d 553, 567 (3rd Cir), cert. denied, 502 U.S. (1991).

---

2/(...continued)
Jones is factually distinguishable, because here, as in Tipton, Simmons did not retaliate alone to avenge his dishonor. Instead, he left the scene, reported to Franklin, the leader of the 18th and M Street Crew about the incident, and together, the two returned to retaliate.

WHEREFORE, the defense motion to sever should be denied.

Respectfully Submitted,

KENNETH WAINSTEIN
UNITED STATES ATTORNEY


Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147


John P. Dominguez
Assistant United States Attorney
DC Bar # 959-809
Organized Crime & Narcotics Section
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was caused to be served by ECF notice on counsel for the following defendants on this 14th day of November, 2005.

_____
John P. Dominguez
Assistant U.S. Attorney

| CASE NAME | DESCRIPTION |
|---|---|
| FRANKLIN, JOHN | Elita Amato<br>1211 Connecticut Ave., N.W., Suite 400<br>Washington, D.C. 20036<br>Tel: 202-223-3210<br>Cell: 202-236-4444<br>Fax: 202-223-3211<br><br>Death Penalty Counsel:<br>Arcangelo Tuminelli<br>1005 North Calvert Street<br>Baltimore, MD 21202<br>Tel: 410-539-3690<br>Fax: 410-539-3687 |
| BLACKSON, JOSEPH | John Carney<br>601 Pennsylvania Ave., NW, Suite 900, South Building<br>Washington, D.C. 20004<br>Tel: 202-434-8234<br>Cell: 571-218-7418<br>fax 703-323-9870 |
| COLE, KENNETH | Howard Katzoff<br>601 Indiana Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-783-6414<br>Fax: 202-628-2881 |
| DAVIS, ANTHONY | James L. Lyons<br>Kellogg, Williams, & Lyons<br>1925 K Street, N.W., Suite 200<br>Washington, D.C. 20006<br>Tel: 202-496-0722<br>Fax: 202-331-1257 |
| DODD, KENNETH | Pleasant Brodnax<br>1700 Pennsylvania Ave., NW<br>Suite 400<br>Washington, D.C. 20006<br>Tel: 202-462-1100<br>Cell: 703-338-4300 |

| | |
|---|---|
| HARRIS, CEASAR | Idus J. Daniel, Jr.<br>639 I Street, N.E.<br>Washington, D.C. 20002<br>202-546-5023 |
| HILL, JAMES D. | Patrick Donahue, Esq.<br>18 West Street<br>Annapolis, MD 21401<br>410-280-2023 (tel.)<br>410-279-4965 (cell)<br>410-280-0905 (fax) |
| HINSON, JAMAL | Allen Orenberg<br>11200 Rockville Pike, Suite 300<br>North Bethesda, MD 20852<br>Tel: 301-984-8005<br>Fax: 301-468-0215 |
| HINSON, SHAWN | Stephen F. Brennwald<br>Brennwald & Robertson<br>922 Pennsylvania Ave., S.E.<br>Washington, D.C. 20003<br>Tel: 202-544-1990<br>C: 301-928-7727<br>Fax: 202-544-5003 |
| ROBINSON, JONTE | Edward C. Sussman<br>601 Pennsylvania Ave., N.W.<br>Suite 900<br>Washington, D.C. 20004<br>Tel: 202-737-7110<br>Fax: 202-347-1999<br><br>Death Penalty Counsel:<br>Timothy Joseph Sullivan<br>7305 Baltimore Ave., Suite 301<br>College Park, MD 20740<br>301-927-0539<br>Tel: 301-927-3035 |
| ROBINSON, WILLIAM D. | Atiq Ahmed<br>8701 Georgia Ave., N.W., #500<br>Silver Spring, MD 20910<br>Tel: 301-587-8844 |

| | |
|---|---|
| SIMMONS, WILLIAM | Eduardo Balarezo<br>400 5th Street, Suite 30<br>Washington, D.C.  20001<br>Tel: 202-639-0999<br>Fax: 703-418-1412<br><br>Death Penalty Counsel:<br>William Purpura<br>8 E. Mulberry Street<br>Baltimore, MD 21202<br>Tel:  410-727-8550<br>Fax: 410-576-9351 |
| SPEARS, EDWARD | Brian McDaniel<br>1211 Connecticut Avenue, NW, Suite 303<br>Washington, D.C. 20036<br>202-331-0793 phone<br>301-996-6904 cell<br>202-331-7004 fax |
| WILLIAMS, DWAINE | Manuel Retureta<br>601 Pennsylvania Ave., Suite 900<br>Washington, D.C.  20004<br>Tel.:  202-220-3073<br>Fax:  202-220-3130 |
| WILSON, GEORGE | Cary Clennon<br>P.O. Box 29302<br>Washington, D.C.  20017<br>Tel .and Fax:  202-269-0969 |

| | |
|---|---|
| BELL, KRAN | Anthony Martin<br>7841 Belle Point Drive<br>Greenbelt, MD 20770<br>Tel: 301-220-3700<br>Cell: 301-928-2621<br>Fax: 301-220-0791<br><br>Death Penalty Counsel:<br>William Kanwisher<br>Blaustein bldg.<br>Suite 1215<br>1 North Charles Street<br>Baltimore, MD 21201<br>Tel:  410-576-9390<br>Fax: 410-576-9391 |
| DODD, APRIL | Elise Haldane<br>303 E Street, N.E.<br>Washington, D.C.  20002<br>Tel: 202-659-8700<br>Cell: 202-270-5354<br>Fax: 202-544-0165 |
| DORSEY, TOMMIE | Thomas Abbenante<br>1919 Pennsylvania Ave., NW<br>Suite 200<br>Washington, D.C.  20006<br>Tel:  202-223-6539<br>Cell: 202-812-0590<br>Fax: 202-452-0067<br><br>Death Penalty Counsel:<br>Christopher Davis<br>Davis and Davis<br>The Lincoln Bldg.<br>514 10th Street, N.W., 9th Floor<br>Washington, D.C.  20004<br>Tel:  202-234-7300<br>Cell: 202-487-6980<br>Fax:  202-686-0391 |

| | |
|---|---|
| GOOCH, LARRY | Thomas Heslep<br>419 7th Street, N.W., #401<br>Washington, D.C.  20004<br>Tel: 202-628-0293<br>Cell: 703-801-1857<br>Fax: 202-628-1419<br><br>Death Penalty Counsel:<br>Jensen Barber<br>400 7th Street, N.W., #400<br>Washington, D.C.  20004<br>Tel: 202-737-8511<br>Cell: 202-487-4297<br>Fax: 202-628-0249 |
| FIELDS, ELLIOTT | Howard X. McEachern<br>1453-B Pennsylvania, Ave., S.E.<br>Washington, D.C.  20003<br>Tel:  202-548-2386<br>Fax: 202-548-2379 |
| LENEAR, REGINA | Teresa Kleiman<br>419 7th Street, N.W.<br>Suite 201<br>Washington, D.C.  20004<br>202-638-6514; 6515<br>Cell: 703-980-2724<br>Fax: 202-638-4279 |