AO109(2/90)Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

All contents of safe deposit box #157, located at Washington Telephone Federal Credit Union, held in the names of **Jonathan Franklin** and **Elizabeth Lee**

**SEIZURE WARRANT**

CASE NUMBER:

**04 - 0189M - 01**

TO: Denise E. Farmer, FBI, and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent Denise E. Farmer who has reason to believe that in the District of Columbia there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

All contents of safe deposit box #157, located at Washington Telephone Federal Credit Union, held in the names of **Jonathan Franklin** and **Elizabeth Lee**

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 10 days the property specified, serving this warrant and making the seizure ☒ in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

MAR 16 2004

Date and Time Issued

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

Name and Title of Judicial Officer

at Washington, D. C.

[signature]

Signature of Judicial Officer

AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

All contents of safe deposit box #157, located at Washington Telephone Federal Credit Union, held in the names of **Jonathan Franklin** and **Elizabeth Lee**

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER:

04 - 0189M - 01

I ____Denise E. Farmer____ being duly sworn depose and say:

I am a(n) ____Special Agent with the Federal Bureau of Investigation____ and have reason to believe that in the District of Columbia there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

all contents of safe deposit box #157, located at Washington Telephone Federal Credit Union, 3015 University Blvd. East, Kensington, Maryland, as account #5770232210, held in the names of **Jonathan Franklin** and **Elizabeth Lee**

which is (state one or more bases for seizure under the United States Code)

property that has been used to facilitate illegal drug activity and/or constitutes the proceeds of such criminal acts, in violation of Title 21, U.S.C., Sections 841(a)(1), 843(b), 846 and 848(a) and (b)

concerning a violation of Title __21__ United States Code, Section(s) __881(a)(5) and (6)__. The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.   ☒ YES   ☐ NO

Linda Otani McKinney
Criminal Division, Asset Forfeiture Unit
(202) 514-7061

Signature of Affiant
Denise E. Farmer, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

MAR 16 2004
Date

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

at Washington, D.C.

Name and Title of Judicial Officer                     Signature of Judicial Officer

AO 109 (2/90) Seizure Warrant

| RETURN |||
|---|---|---|
| DATE WARRANT RECEIVED<br>3/15/04 | DATE AND TIME WARRANT EXECUTED<br>3/16/04  3:09 pm | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br>ANNA VAZZANA, BRANCH MANAGER |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PROPERTY SEIZED PURSUANT TO THE WARRANT

$35,000 in U.S. Currency, one vacation resort catalogue and two pieces of paper w/ a phone #.

## CERTIFICATION

I swear that this inventory is a true and detailed account of the property seized by me on the warrant.

X _Denise J_____

**FILED**
APR 0 2 2004
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Subscribed, sworn to, and returned before me this date.

_John Facciola_____    04/02/04
U.S. Judge or U.S. Magistrate Judge           Date

FD-597 (Rev 8-11-94)                                              Page __1__ of __1__

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # __166E-WF-209790__

On (date) __3/16/04__

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) __Washington Telephone FCU__
(Street Address) __3415 University Blvd West__
(City) __Kensington, MD 20895__

Description of Item(s): __Metal ____ ____
____ Zagon Directory
Paper w/ names & numbers
2 empty envelopes
7 bundles of U.S. Currency totaling $_____,_____

_Nothing ____

Received By: _____   Received From: _____
              (Signature)                                (Signature)

**AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT**

I, DENISE E. FARMER, being duly sworn, deposes and states as follows:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed for the past year. I am currently assigned to the Washington Field Office, Asset Forfeiture and Money Laundering Squad. My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal money laundering statutes, 18 U.S.C. §§ 1956 and 1957, as well as violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1344 (bank fraud), and drug related violations pursuant to Title 21, United States Code.

2. In my capacity as a Special Agent, I have received training in advanced money laundering techniques. I have participated in several search warrants involving drug investigations and have been involved in several forfeiture investigations. Prior to being hired by the FBI, I was employed as a Staff Attorney for the Fourth Circuit Court of Appeals and a law clerk to the Presiding Judge of the Commonwealth of the Northern Mariana Islands Superior Court.

3. I am currently assisting Detective Joseph F. Sopata, of the Special Investigations Division of the Metropolitan Police Department ("MPD") in Washington, D.C.,\ and Special Agent Timothy Ervin. Detective Sopata has been assigned to a joint task force that targets narcotics related street violence for over ten (10) years. Special Agent Ervin has been a Special Agent with the FBI since 1991 and has extensive training and experience in narcotics investigations.

4. This affidavit is based, in part, upon surveillance conducted, court authorized wiretap intercepts, documents obtained in connection with a financial investigation, and other information gathered during the investigation. The information contained herein is based on my personal knowledge and experience, as well as information provided to me by Detective Sopata and Special Agent Ervin, and other Special Agents of the FBI who have participated in the investigation described in this affidavit. This affidavit does not contain all of the information known to your affiant regarding this investigation. Your affiant, however, includes

1

in this affidavit facts sufficient to support a probable cause finding for the issuance of the requested seizure warrant.

### Property to be Seized

5. This affidavit is made in support of an application to seize the following property:

> **all contents of safe deposit box #157, located at Washington Telephone Federal Credit Union, 3015 University Blvd. East, Kensington, Maryland, as account #5770232210, held in the names of Jonathan Franklin and Elizabeth Lee.**

6. Your affiant has reason to believe, and does believe, that the contents of safe deposit box #157, located at the Washington Telephone Federal Credit Union (hereafter "WTFCU"), have been used to facilitate illicit drug activity and/or constitute the proceeds of such criminal acts, in violation of 21 U.S.C. §§ 841(a)(1) (Possession with Intent to Distribute and Distribution of Controlled Substances), 843(b) (Use of Communication Facilities to Facilitate the Commission of Possession with Intent to Distribute and Distribution of a Controlled Substance), 846 (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances) and 848(a) and (b) (Continuing Criminal Conspiracy. The above-listed property is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(5) and (6).

### Background

7. An initial investigation (the "Franklin investigation") by the FBI and MPD began in which traffickers of PCP, Ecstasy and cocaine in the District of Columbia, Virginia and Maryland were targeted. This investigation focused on an organization called the 18th & M Street Crew (the "Crew"), run by Jonathan Lamont Franklin ("Franklin"), a PCP and Ecstasy trafficker with a criminal history, including arrests for drug trafficking and crimes of violence.

8. During the Franklin investigation, it was revealed that Martin is the primary supplier of PCP to Franklin. Subsequent investigation of Martin revealed that Martin is supplied by Abdul Smith ("Smith"), a.k.a Christopher Hudson, who is assisted in the purchase and distribution of the PCP by, but not limited to, Robert Bascom ("Bascom"), a.k.a Robert Holder. A concurrent investigation (the "Martin Investigation") then began as to a large

2

narcotics distribution organization run by Smith, Martin and Franklin. From both the Franklin and Martin investigations, it was determined that Franklin distributes the PCP supplied to Martin to individuals who then sell the PCP in the immediate area surrounding 18th and M Streets, N.E.. Specifically, William Dee Robinson ("Robinson"), a key associate of Franklin's, receives PCP and Ecstasy from Franklin, and then distributes the drugs at Franklin's direction. Other individuals receiving PCP and Ecstasy from Franklin include, but are not limited to, Joseph Blackson ("Blackson"), Kenneth Cole, Candice Howard, Michael Abney, Kenneth Dodd ("Dodd"), Anthony Davis, Jamal Hinson, Shawn Hinson, Jonte Robinson, Edward Spears, William Simmons and Dwaine Williams.

9. Further investigation revealed that Martin also distributed PCP to Jonathan Fitzgerald Couch, and other individuals not named in this affidavit. The investigation also revealed that Smith and another individual purchased PCP from large-scale distribution organizations operating in the area of Los Angeles, California. Smith then arranged for the transportation of PCP from Los Angeles to New York, and then to Washington, D.C., or for direct transportation from Los Angeles to Washington, D.C.

10. During the course of the Franklin investigation, Cooperating Witnesses and Undercover Police Officers were utilized to make numerous controlled purchases of liquid PCP from Franklin and his associates in the area of 18th and M Streets, N.E. This was accomplished through information acquired from a Cooperating Witness ("CW-1") in the Franklin investigation who provided information utilized by an undercover officer ("UCO-1") who made a self-introduction to Franklin and Blackson. UCO-1 was able to conduct a minimum of four (4) controlled narcotics purchases from Franklin, and at least eleven (11) controlled narcotics purchases from Blackson. CW-1 introduced a second undercover officer ("UCO-2"), who made at least seven (7) additional controlled narcotics purchases from targets of the investigation, including the purchase of Ecstasy from Dodd. A third undercover officer (UCO-3) also purchased crack cocaine from Dodd.

11. More than fifty (50) undercover narcotics purchases from Franklin, Blackson, Dodd, William Robinson, Anthony Davis, Jamal Hinson, Shawn Hinson, William

Simmons, Candice Howard, Jonte Robinson and other individuals not named in this affidavit, have been made during the period from November 2002 through October 2004. These undercover purchases netted approximately forty-seven (47) ounces of liquid PCP, 316 grams of cocaine base and 487 Ecstasy pills, at a total cost of more than $40,000.

12. During the Franklin investigation, consensually monitored telephone calls were made to and from Franklin's telephone involving the purchasing, and sale, of PCP, Ecstasy and cocaine by the CW's and UCO's.

13. In August 2003, the United States District Court, District of Columbia, ordered Title III interceptions of a cellular telephone utilized by Franklin. These interceptions identified a number of individuals involved in the narcotics distribution organization, including, but not limited to, Dodd, Elizabeth Lee, Martin, and William Robinson. These calls also confirmed that the organization, through its members, is actively engaged in the distribution of PCP, Ecstasy, and cocaine.

14. During the Martin investigation, a Cooperating Witness ("CW-M") who had worked with Martin in the past, assisting Martin with the purchase and distribution of liquid PCP, provided pertinent information. CW-M advised that Martin obtained PCP from a man in New York named "Abdul Smith." In the fall of 2002, CW-M and Martin agreed to purchase multiple gallons of PCP from Smith and his associates.

15. In the fall of 2003, during the Martin investigation, the United States District Court, District of Columbia, ordered Title III interceptions of cellular telephones utilized by Martin, Smith and Bascom. These interceptions included a significant number of conversations involving the specifics of narcotics trafficking and/or the exchange of PCP for cash.

### Execution of Search Warrant at Franklin's and Lee's Residence

16. This morning (March 16, 2004), Special Agents of the FBI executed a search warrant, issued by the Honorable Magistrate Judge John Facciola, at Franklin's main residence, located at 1314 Bellmont Street, N.W., Washington, D.C., which he shares with his wife, Elizabeth Lee. So far, in the course of that search, Special Agents have recovered several

4

bags of ecstacy, believed to contain approximately 1,000 pills; five fully loaded firearms, including three assault rifles, one .45-caliber semi-automatic pistol, and one shotgun; and over $20,000 in cash which is still being counted.

### Franklin's and Lee's Lack of Legitimate Employment

17. During the investigation, it became apparent that Franklin does not have any legitimate employment. Franklin was not observed reporting to a place of employment or having a regular work schedule. Following employment checks requested in April 2003, August 2003, October 2003, and January 2004, in the District of Columbia, Maryland and Virginia, the District of Columbia reported wages in the first and fourth quarters of 200, and Maryland reported wages in the first quarter of 1998 and the fourth quarter of 1999. Virginia gave a negative response. Your affiant has yet to determine any current legitimate source of income for Franklin.

18. Lee, who is named on the lease for the safe deposit box along with Franklin, also appears to lack any legitimate employment. During the course of the investigation, Lee was not observed reporting to a place of employment or having a regular work schedule. Further, employment checks requested in August 2003, in the District of Columbia, Maryland and Virginia resulted in negative responses. Your affiant has yet to determine any legitimate source of income for Lee. Additionally, Lee's expenses are beyond what her lack of legitimate income would support. On August 23, 2003, Lee purchased two televisions from Circuit City, one of which cost $1,499.00.

19. A Title III interception indicates that Lee is not only aware of Franklin's drug trafficking, but is an active participant in his drug activities. Indeed, Franklin stated that he and Lee "are in the business together." Thus, your affiant submits that any contributions to the contents of WTFCU safe deposit box #157, that Lee may have made, resulted from the drug trafficking activities described above.

### Franklin and Lee's Financial Status

20. A limited financial picture of Franklin and Lee reflects that Franklin and Lee jointly holds a Primary Savings and Draft Checking account with WTFCU account

5

#5770232210. Your affiant has reviewed the records for this account dated from July 1, 2000 to January 31, 2004.

21. Though it appears that Franklin deposited into his Primary Savings Account approximately $59,681.00 in legitimate income from July 2000 to March 31, 2002, from regular weekly payroll deposits from Lucent Technologies, these deposits ceased after March 31, 2002. In April 2002, Franklin's Primary Savings Account balance totaled $2,447.65. After Franklin stopped receiving payroll direct deposits from Lucent Technologies, large deposits, often in round figures, were made into the account that your affiant has not been able to trace to legitimate sources of income. These deposits do not follow any discernable pattern such as a weekly or biweekly payroll deposits. The deposits are not only erratic, but are in differing amounts and often in round figures, which are indicative of cash. For all the reasons set forth above, your affiant submits that these deposits are the proceeds of Franklin's drug activities.

22. Despite his lack of legitimate income, on August 19, 2000, Franklin purchased a 1997 Ford Exhibition, for a total price of $19,953.00, from Central Avenue Auto Outlet, Inc. located at 8621 Central Avenue, Capitol Heights, Maryland, 20743. Records from the District of Columbia Department of Motor Vehicles ("DC DMV") reflect that Franklin made a $1,000.00 deposit and financed $15,488.88 with WTFCU, which issued two checks in the amount of $15,488.88 and $2,500.00. Records from Washington Telephone Federal Credit Union ("WTFCU"), however, reflect that the total price of the vehicle was $20,488.00 and that Franklin made no deposit. The vehicle loan from WTFCU has since been paid in full.

**WTFCU Safe Deposit Box #157**

23. WTFCU safe deposit box #157 was opened on February 5, 2003, in the name of Jonathan Franklin. On February 21, 2003, Elizabeth Lee's name was added to the lease. Since box #157 was opened, there have been approximately 21 entries into the box, with Jonathan Franklin signing the visitor log for each entry. The last 2 entries into the box were on January 2, 2004 and February 12, 2004.

24. Based on my training and experience, I know that drug traffickers often use safe deposit boxes to amass, retain, and conceal their illegal proceeds to avoid detection of

6

1  these proceeds which, if deposited to a bank account, leaves a paper trail and, when in amounts
2  over $10,000, will cause the bank to report the currency transaction to the Internal Revenue
3  Service. The safe deposit box provides a "safe haven" for the illegal proceeds, that is readily
4  accessible to the drug trafficker. Additionally, drug traffickers have been known to conceal
5  records of their drug trafficking activities in safe deposit boxes.

## CONCLUSION

24. Given the recent entries into the WTFCU safe deposit box #157, which are within the time-frame of Franklin's drug trafficking activities, and for all the reasons set forth above, your affiant submits that probable cause exists to believe that the contents of the WTFCU safe deposit box #157 are traceable to drug proceeds and/or facilitated illicit drug activity, in violation of 21 U.S.C. §§ 841 and 846. Title 21, United States Code, Section 881(a)(5) provides for the forfeiture of "[a]ll books records, and research" used, or intended for use, in drug trafficking. Additionally, Title 21, United States Code, Section 881(a)(6) provides for the forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished . . . in exchange for [narcotics] . . . all proceeds traceable to such and exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate [drug trafficking]."

25. Pursuant to Title 18, U.S.C., Section 981(b)(3), "a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found, . . . ." Inasmuch as the property subject to forfeiture is presently located in the District of Maryland, and a significant portion of the underlying drug activities have taken place in the District of Columbia, this Court may issue and cause to be served the requested seizure warrant.

7

1  WHEREFORE, your affiant believes based on the information provided, that
2  probable cause exists for a seizure warrant to be issued for the above identified and described
3  contents of WTFCU safe deposit box #157 as property traceable to proceeds of and/or used to
4  facilitate illicit drug activity, in violation of 21 U.S.C. §§ 841 and 846, and are, therefore,
5  subject to forfeiture pursuant to 21 U.S.C. § 881(a)(5) and (6).

SA Denise E. Farmer
Special Agent
Federal Bureau of Investigation
Washington, DC

Subscribed and sworn to before me this MAR 16 2004 day of March, 2004.

JOHN FACCIOLA
Magistrate Judge
United States District Court
District of Columbia

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

8