UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 04-128 (RMC) |
| v. : | |
| : | |
| JOHN FRANKLIN, et al. : | |
| (John Franklin, : | |
| William Simmons, : | |
| Joe Blackson : | |
| Anthony Davis : | |
| George Wilson) : | |
| _____ : | |

GOVERNMENT'S PRETRIAL MEMORANDUM ON
ADMISSIBILITY OF TRANSCRIPTS OF RECORDED CONVERSATIONS

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, files this memorandum to address the admissibility and the in-trial use of transcripts of under cover buy and court authorized wiretap recorded conversations. During trial, the Government also expects to ask this Court to admit the transcripts as substantive evidence and to permit the jury to take the transcripts along with digital recordings (on DVD format) of the conversations with them into the jury deliberation room. The Government asserts the following memorandum in support of this request:

1. The drug and RICO conspiracy indictment in this case followed a three year long investigation which involved the use of undercover agents who made drug purchases from the conspirators and which utilized court authorized interceptions of telephone communications (sometimes called "wiretaps") between and among various conspirators. The wiretap interception of conversations generated over 7000 pertinent recordings. In the trial of these

defendants, the Government expects to use only about 159 audio recordings from the court authorized wiretaps.[1]  At the moment, the Government expects to introduce 152 transcripts associated with those 159 recorded telephone calls.  About seven recorded conversations will be offered without an accompanying transcript.  In addition, the Government expects to introduce as evidence 28 video and audio recordings made of undercover drug purchases from various conspirators.  There are 39 transcripts prepared to be used and admitted as evidence in association with relevant segments of these 28 undercover drug purchases.[2]  The Government seeks to admit the entire video taped and audio recordings of the undercover buys, but will not seek to play them to the jury during the trial.  These tapes were continuously running once activated and could not be deactivated until the undercover officer returned to the FBI's place of installation after completing the drug transaction.  Consequently, the video tapes run from 60 to 90 minutes.  The Government will seek to play to the jury relevant segments (those segments where the undercover officer is actually meeting and/or conversing with the targets) of each of

---

[1] After a lengthy motions hearing, on January 9, 2006, this Court denied the defense motion to suppress wiretap evidence.  On February 17, 2006, in accordance with the pretrial order of this court, the Government disclosed 170 finalized transcripts of wiretap intercepted conversations.  The Government's current plans are to seek to admit only 152 of the 170 or more transcripts disclosed to defense.  The actual number sought to be admitted may be lower by the time of trial.  Nevertheless, The Government seeks to admit transcripts only from the 170 or so disclosed on February 17, 2006.

[2] These 39 conversations are admitted pursuant to 18 U.S.C. §2511(2)(c), the one party consent exception to the wiretap statute otherwise prohibiting interception/recording of private conversations.  The number of transcripts (39) exceed the number of undercover purchases (28) because the undercover officer placed consensually recorded phone calls to arrange some of the transactions.  Still eight wiretap transactions, disclosed and counted in the 170 transcript wiretap disclosure lists, will be played in association with certain of the undercover transactions.

the 28 undercover transactions, and estimates that the segments are between one minute to as much as ten minutes in length.[3]

2. Each of the 159 wiretap recordings is a separate conversation intercepted and recorded pursuant to a court authorized wiretap. Each conversation intercepted was digitally recorded in association with a computer generated activation or session number, followed by a date and time code. Each audio conversation will be identified by an exhibit number and furthered identified by a date of the interception and a wiretap activation (session) number. All of the recordings are digital and of good quality. The Government has not encountered any problems hearing the voices and words on the recordings.[4] These recordings however, are interceptions of normal conversations and it is not uncommon in normal conversations for the speakers to utter words and phrases quickly, without the kind of clarity or diction associated with a sound recording studio, or for the parties occasionally to speak at the same time. Most of the conversations are less than one minute and each conversation offered is complete and unedited. For use with each wiretap conversation, the Government has prepared a transcript, so labeled and identified so as to correspond to the appropriate audio conversation. The Government expects to authenticate these

---

[3]Admission of the entire video tape satisfies the rule of completeness, Federal Rule of Evidence 106. The Government sees no need to introduce the entire video tape except to comply with this rule and to anticipate possible arguments from defense counsel that failure to offer the complete tape has allowed the Government to conceal relevant or arguably exculpatory evidence, or has allowed the Government to submit altered or fabricated versions of the video, or conceal that the law enforcement officials did not comply with the procedures (handling drug and surveillance tapes) about which they testified. If all defense counsel agree, and agree not to make any of the previously mentioned accusations, then the Government will not offer the entire video tape, but only the relevant segments of each tape.

[4] We do not expect to use headphones in this trial.

transcripts through various witnesses, many of whom either were parties to the conversations selected, or who have a factual basis enabling them to identify the voices overheard in each conversation.

      3. If the Court permits the in-trial use of transcripts, the Government does not expect to have to keep playing the recordings over and over until everyone is assured that they have heard and comprehended each word. Moreover, the Government seeks leave of the court to utilize computer software (Sanctions II) that integrates and synchronizes the written transcript with the audio of each conversation. The software allows the audio to be heard in open court while the litigants and jurors view the transcript as it scrolls across the screen displayed by television monitors. The Sanctions II software is somewhat complex to use and is installed on a lap top, along with other software, all of which makes it unsuitable for use during deliberation. To simplify the deliberation process, the Government expects to introduce the audio recordings on DVD discs playable on a DVD player available to the jury in the deliberation room, and each conversation will be accompanied by a single written transcript. If the court accepts this procedure it will expedite the review of the conversations during the trial and will assure the jurors during deliberation that they will have the technology available to hear the conversations and review the transcripts. Similarly, Sanctions II software integrates digitized visual and audio in synchronization with a scrolling transcript. In the case of a visual image displayed on a television monitor, the words of the transcript scroll underneath the visual image displayed on the television monitor. Each of the 28 undercover drug transactions are recorded onto a DVD disc and accompanied by a single written transcript. During deliberation jurors will be able to play the DVD of each undercover drug transaction, see the visual images and hear the words spoken,

but may view a written transcript accompanying the DVD but not integrated with the DVD.[5]

    4. In United States v. Holton, 116 F.3d 1536, 1541 (D.C. Cir. 1997), this Circuit allowed jurors to use prepared transcripts of English tape - recorded conversation as substantive evidence while deliberating. The case warned that while it is within the discretion of the trial court to permit the jurors to use the transcripts, not only as an in-trial aid, but as substantive evidence in the deliberation room, the Court must instruct the jurors that their personal understanding or interpretation of the tapes themselves controls, not the text of the transcript.

    5. The Government has provided defense counsel with digital recordings of both the wiretap conversations and the undercover drug transactions, plus corresponding transcripts of the conversations that it intends to introduce at trial. Although there is no joint stipulation as to the accuracy of each transcript, in the event that any defense counsel objects, the trial court can make a pretrial determination of the accuracy of each transcript by comparing them with the recordings. United States v. Holton, surpa, at 1541. As long as the court instructs the jury that "their personal understanding of the tape [recording] supersedes the text of the transcript," then the transcript may be used in conjunction with the playing of the recording, and the jury may be permitted to use the transcripts during deliberations. Id. at 1541.

    WHEREFORE, the Government requests this Court to follow the procedures outlined in United States v. Holton, 116 F.3d 1536 (D.C. Cir. 1997), and to permit the jury to view the transcripts in conjunction with the audio and/or visual image displayed during court, and to use a

---

[5]Twenty-two of the twenty-eight under cover drug purchases involved the use of a video camera. The other six transactions were documented through the use of a body wire recorder which captured only audio.

written transcript of each conversation in conjunction with the recorded audio/visual during deliberations. .

                                Respectfully submitted,

                                KENNETH L. WAINSTEIN
                                United States Attorney
                                Bar No. 451-058

                                _____

By:    DARLENE M. SOLTYS
        Bar No. 431-036
        202-514-8147


        JOHN P. DOMINGUEZ
        Bar No. 959-809
        202-514-7060
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530

### Certificate of Service

I hereby certify that a copy of the foregoing

GOVERNMENT'S PRETRIAL MEMORANDUM ON
ADMISSIBILITY OF TRANSCRIPTS OF RECORDED CONVERSATIONS

has been delivered by ECF to each counsel for each defendant this 21st day of February, 2006.

                                _____
                                John P. Dominguez
                                Assistant U.S. Attorney