**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | Criminal No. 1:04-cr-00128 RMC |
| ) | |
| JONATHAN L. FRANKLIN, et al.  ) | |
| ) | |
| Defendants.    ) | |
| _____ ) | |

**DEFENDANT KEITH ODLE'S**
**MOTION FOR A BILL OF PARTICULARS**

For the reasons set forth in his accompanying memorandum of law, Defendant Keith Odle moves for a bill of particulars addressing the following:

(1) When and how did Mr. Odle join the conspiracies charged in Counts One and Two?

(2) Did Mr. Odle remain a member of the conspiracies until they ended in approximately November 2004, or did he withdraw from them earlier? If he withdrew, when did the withdrawal occur?

(3) How were the acts referenced in Overt Acts 15 and 16 allegedly in furtherance of the charged conspiracies?

(4) How was Mr. Odle's alleged firearm possession, referenced in Overt Act 20, in furtherance of the charged conspiracies?

(5) With whom did Mr. Odle allegedly conspire in each of the charged conspiracies?

(6) Other than those acts already identified in the Indictment, upon what overt acts, if any, does the Government intend to rely at trial in proving the charged conspiracies?

                              Respectfully submitted,

                              KELLEY DRYE COLLIER SHANNON

By:          /s/         
Barry J. Pollack
Dawn E. Murphy-Johnson
3050 K Street, N.W.
Washington Harbour – Suite 400
Washington, D.C. 20007
Telephone: (202) 342-8472
Facsimile: (202) 342-8451

Date: June 19, 2006                          *Counsel for Keith Odle*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 1:04-cr-00128 RMC |
| JONATHAN L. FRANKLIN, et al. | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT KEITH ODLE'S
<u>MOTION FOR A BILL OF PARTICULARS</u>**

Defendant Keith Odle moves pursuant to Federal Rule of Criminal Procedure 7(f) for an order directing the government to file a bill of particulars. The Superseding Indictment ("Indictment") in this case contains 159 Counts. Mr. Odle is charged under Counts One, Two, Four, and Five only. The factual allegations with respect to Count One (narcotics conspiracy) and Count Two (RICO conspiracy) are so vague that a bill of particulars is necessary to avoid unfair surprise at trial.

The 1966 amendments to the Federal Rules of Criminal Procedure liberalized the availability of bills of particulars. Thus, a motion for a bill of particulars should be granted when the indictment fails to provide sufficient detail for a defendant to understand the charges against him, to prepare his defense, and to prevent unfair surprise at trial. See <u>United States v. Trie</u>, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (Friedman, J.); <u>United States v. Hubbard</u>, 474 F. Supp. 64, 80 (D.D.C. 1979) ("Three purposes are usually ascribed to a bill of particulars: (1) to enable a defendant to prepare his defense; (2) to avoid prejudicial surprise at trial; and (3) to protect a defendant against double jeopardy."); <u>United States v. Rosa</u>, 891 F.3d 1063, 1066 (3d Cir. 1989) ("motions for bills of particulars should be granted whenever an indictment's failure to provide

factual or legal information significantly impairs the defendant's ability to prepare his defense"). In fact, this Court has held that bills of particulars are "all the more important" in drug conspiracy cases because the relevant indictments provide "so little detail." United States v. Ramirez, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (Friedman, J.).

Here, the Indictment fails to inform Mr. Odle of how and when he joined the alleged conspiracies and when he withdrew from them; it fails to explain how any of the three Overt Acts that reference him — numbers 15, 16, and 20 — were in furtherance of the alleged conspiracies; and it fails to disclose the identities of any un-indicted co-conspirators. Mr. Odle requests that the Court exercise its discretion, see Ramirez, 54 F. Supp. at 29, and order the Government to provide Mr. Odle with these details, which are essential to his defense in this case.

Counts One and Two fail to inform Mr. Odle of how and when he allegedly joined the conspiracies charged therein. While both conspiracies allegedly began sometime in 1997, see Indictment at 3, 31, Mr. Odle is not referenced in any overt act prior to November 8, 2002 — approximately five years later. See id. at 9 (Overt Acts 15 and 16). The Indictment also fails to inform Mr. Odle whether he remained a member of the conspiracies until they ended in approximately November 2004, or whether he withdrew from them earlier. See Indictment at 3, 31 (noting only that the alleged conspiracies lasted until or about November 2004). Thus, the Indictment lacks information needed for Mr. Odle to understand the charges against him and to adequately prepare his defense. See Ramirez, 54 F. Supp. at 30 (ordering the government to provide the approximate date on which the defendant allegedly joined the conspiracy); United States v. Strawberry, 892 F. Supp. 519, 527 (S.D.N.Y. 1995) (ordering the government to disclose the dates that the defendant allegedly joined and withdrew from the conspiracy).

2

The Indictment also fails to inform Mr. Odle how the actions referenced in Overt Acts 15 and 16 allegedly were in furtherance of the charged conspiracies. Further, the Indictment alleges that on or about December 16, 2002, Mr. Odle possessed a firearm at Pennsylvania Avenue and Suitland Parkway in Forestville, Maryland. See Indictment at 10 (Overt Act 20). It does not, however, indicate how possession of the firearm was in furtherance of either conspiracy. Mr. Odle requests this information for the preparation of his defense. See United States v. Hall, No. 92-10077, 1993 WL 246036 at *1 (D. Kan. June 8, 1993) (dismissing count in indictment alleging a violation of 18 U.S.C. § 924(c), when the bill of particulars filed by the government failed to identify how the firearm was used in furtherance of drug trafficking where the only facts presented were "the presence of the pistol somewhere in the defendant's house").

In addition, the Indictment fails to disclose the names of the un-indicted co-conspirators mentioned in Count One ("co-conspirators not indicted herein") and Count Two ("others known and unknown"). Mr. Odle is entitled to such information. See, e.g., Ramirez, 54 F. Supp. at 30 (holding that the defendant is "entitled to a bill of particulars setting forth the names of all persons the government would claim at trial were co-conspirators (whether or not they will be called as trial witnesses)"); Trie, 21 F. Supp. 2d at 22 (finding that disclosure of the names of un-indicted co-conspirators is "necessary to allow [the defendant] to prepare for trial"); Hubbard, 474 F. Supp. at 81 (same).

Finally, to the extent that the list of overt acts is not intended to be exhaustive, the Indictment fails adequately to notify Mr. Odle of his alleged role in the conspiracies. Mr. Odle is entitled to know all other overt acts not identified in the Indictment upon which the government intends to rely at trial. See, e.g., Ramirez, 54 F. Supp. at 30 (holding that the defendant is entitled to a bill of particulars disclosing the "dates and locations of any meetings or

3

conversations not already identified in the indictment in which each defendant allegedly participated" so that "each defendant may understand the government's view of his alleged role in the conspiracy"); Trie, 21 F. Supp. 2d at 23 (holding that the defendant "is entitled to be advised of the particular contributions and financial transactions not already identified in the indictment [charging conspiracy to defraud the Federal Election Commission] upon which the government intends to rely at trial"). The bill of particulars should include a specification of overt acts by un-indicted co-conspirators. Hubbard, 474 F. Supp. at 81 ("the government should provide the overt acts by…any alleged conspirator not named as a defendant, which the government will prove at trial").

## PARTICULARS SOUGHT

(1) When and how did Mr. Odle join the conspiracies charged in Counts One and Two?

(2) Did Mr. Odle remain a member of the conspiracies until they ended in approximately November 2004, or did he withdraw from them earlier? If he withdrew, when did the withdrawal occur?

(3) How were the acts referenced in Overt Acts 15 and 16 allegedly in furtherance of the charged conspiracies?

(4) How was Mr. Odle's alleged firearm possession, referenced in Overt Act 20, in furtherance of the charged conspiracies?

(5) With whom did Mr. Odle allegedly conspire in each of the charged conspiracies?

(6) Other than those acts already identified in the Indictment, upon what overt acts, if any, does the Government intend to rely at trial in proving the charged conspiracies?

Respectfully submitted,

KELLEY DRYE COLLIER SHANNON

By: *[signature]*
Barry J. Pollack
Dawn E. Murphy-Johnson
Washington Harbour, Suite 400
3050 K Street, N.W.
Washington, DC 20007-5108
Telephone: (202) 342-8472
Facsimile: (202) 342-8451

*Counsel for Keith Odle*

Date: June 19, 2006

5