**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )<br>)<br>JONATHAN L. FRANKLIN, et al. )<br>)<br>Defendants.   )<br>_____ ) | Criminal No. 1:04-cr-00128 RMC |

### MOTION FOR SEVERANCE

For the reasons set forth in his accompanying memorandum of law, Defendant Keith Odle moves to sever his trial from that of the other defendants charged in the Superseding Indictment.

Respectfully submitted,

KELLEY DRYE COLLIER SHANNON

By: _____/s/_____
Barry J. Pollack
Dawn E. Murphy-Johnson
3050 K Street, N.W.
Washington Harbour – Suite 400
Washington, D.C. 20007
Telephone: (202) 342-8472
Facsimile: (202) 342-8451

Date: June 19, 2006

*Counsel for Keith Odle*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:04-cr-00128 RMC |
| | ) | |
| JONATHAN L. FRANKLIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT KEITH ODLE'S
<u>MOTION FOR SEVERANCE</u>**

On February 24, 2006 in open court, the Government orally moved to join defendants Keith Odle and Shawn Hinson with defendants Kenneth Dodd, Jonte Robinson, Tommie Dorsey and Larry Gooch ("Group 3") for trial in the above-captioned matter. On March 24, 2006, Mr. Odle submitted his opposition to the Government's motion. The Government is due to respond by June 23, 2006 — five days after the deadline established by the Court for the submission of all "legal motions." Thus, without knowing how the Court might rule on the Government's motion, Mr. Odle submits this motion to sever pursuant to Federal Rules of Criminal Procedure 8 and 14. He again respectfully requests that he not be tried with Group 3. Mr. Odle should be tried either individually, or with Shawn Hinson and/or April Dodd, the other defendants who are not presently assigned to any trial group, and who, like Mr. Odle, have not been charged with murder or other violent offenses.

**INTRODUCTION**

Mr. Odle was charged in this case in a superseding indictment ("the Indictment"). He was not charged in the initial indictment and was the last defendant to be charged in this case. He is charged with participating in a narcotics conspiracy (Count One) and a RICO conspiracy

(Count Two), and with a single count of possession with intent to distribute PCP (Count Four) and a single count of possession with intent to distribute ecstasy (Count Five). Counts Four and Five both arise out of a single alleged incident occurring on November 8, 2002. While the charged conspiracies span 1997 through 2004, of the 142 overt acts alleged in the Indictment in furtherance of the conspiracy charges, Mr. Odle is named in only three — two corresponding to the alleged possession with the intent to distribute on November 8, 2002, and one alleging that he possessed a gun a few weeks later.[1] The Indictment does not allege that either of these incidents involved any of the other alleged co-conspirators. In fact, none of the 142 overt acts allege joint action between Mr. Odle and any other defendant. Likewise, none of the 157 substantive offenses name Mr. Odle together with any other defendant.

Mr. Odle has not been charged with any violent crimes or substantive weapons violations. By contrast, the defendants with whom the Government seeks to join Mr. Odle for trial have been charged with multiple violent crimes — including five murders, a burglary, and an armed robbery — and approximately two dozen drug-related counts and numerous substantive weapons violations. Moreover, the Government is seeking the death penalty for one of the defendants in Group 3.

Under these circumstances, it would be improper under Rule 8(b) to join Mr. Odle with the Group 3 defendants. Moreover, it is all but inevitable that Mr. Odle's constitutional right to a fair trial would be violated were he joined with Group 3. The great disparity in the seriousness of the alleged crimes would present the very real potential that the jury would not reasonably be able to compartmentalize the evidence against Mr. Odle. Accordingly, even if it were

---

[1] In December 2002, Mr. Odle was charged with a substantive offense of being a felon in possession of a firearm in the District of Maryland arising out of this same incident. Mr. Odle pled guilty to this charge and is presently serving his sentence.

permissible under Rule 8(b) to try Mr. Odle with Group 3, the Court should decline to do so under Rule 14.

## ARGUMENT

I. **Under Rule 8, Mr. Odle Can Not Be Properly Joined With The Other Defendants Named In The Indictment**

Federal Rule of Criminal Procedure 8(b) governs the joinder of defendants. United States v. Perry, 731 F.2d 985, 989 (D.C. Cir. 1984). The Rule provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Joinder of defendants "requires a balancing of the right of an accused to a fair trial and the public's interest in the efficacious administration of justice." United States v. Levine, 546 F.2d 658, 661 (5th Cir. 1977). Indeed, this specific provision is meant to "put some reasonable limitation on the conduct of mass trials." Perry, 731 F.2d at 989.

Thus, seemingly unrelated "acts or transactions" can qualify as a "series" for the purposes of Rule 8 only "if they constitut[e] parts of a common scheme or plan." Perry, 731 F.2d at 990 (internal quotations omitted). To qualify, such acts or transactions must be somehow linked, such as through a conspiracy charge. Id. "Where, however, the defendant can show that the charge of a joinder of defendants in conspiratorial action is based on a legal interpretation that is improper, the court cannot base its 8(b) ruling on the written words alone but must determine if, under correct legal theory, joint action was actually involved." Levine, 546 F.2d at 663.

Count One of the Levine indictment, like the Indictment in this case, purported to charge an overarching conspiracy against all of the defendants. The remaining counts consisted of the

3

substantive offenses that the defendants allegedly conspired to commit. Certain substantive counts named some defendants, while other counts named other defendants. There was only a single overt act that alleged the participation of defendants from both groups — a single producer of obscene films created different films with two distinct sets of defendants; the producer was the only defendant common to each of the substantive counts.

The Government, arguing that joinder of all the defendants was proper, relied on its allegation in Count One, of "a ubiquitous conspiracy charge, to provide a common link between these otherwise unrelated transactions and to demonstrate the existence of a common scheme or plan among the several defendants." Levine, 546 F.2d at 662-63.

Acknowledging that allegations in an indictment must be accepted as true for purposes of a Rule 8(b) motion, the court nonetheless looked at the allegations in the indictment taken as a whole to determine whether there was a proper legal theory to support the bald allegation of an overarching conspiracy. Id. at 663. The court found that the inclusion of a single overt act, out of the 21 overt acts enumerated in the indictment, alleging a joint transaction by the distinct groups of defendants was too tenuous a connection between the acts to constitute a proper allegation of substantial identity of facts or participants as is necessary to permit joinder under Rule 8(b). Id. at 665.

Thus, the mere fact that acts or transactions are proximate or simultaneous is insufficient to establish the existence of an overarching conspiracy. Because the indictment charged "separate, distinct, and unrelated offenses by different defendants in contravention of Federal Rule of Criminal Procedure 8(b)," the court reversed and remanded for a new trial. Levine, 546 F.2d at 661.

Here, the Government has charged Mr. Odle in the Indictment in contravention of Rule 8. In the Indictment in this case, none of the 142 overt acts allege joint action between Mr. Odle and any other defendant. Likewise, none of the 157 substantive offenses name Mr. Odle together with any other defendant. Thus, unlike Levine, the Indictment does not even connect Mr. Odle to the alleged conspiracies through a common defendant.

At best, the Indictment alleges that Mr. Odle was in possession with the intent to distribute PCP and ecstasy, and later possessed a gun, at a time when the other defendants were engaged in the alleged conspiracies. Taken to "an extreme generalization, of course, anyone participating in any way in an illegal activity to obtain money could be said to be part of one conspiracy." United States v. Castro, 829 F.2d 1038, 1045 n.20 (11th Cir. 1987); see United States v. Nicely, 922 F.2d 850, 854 (D.C. Cir. 1991) (noting that the "common use of falsehoods to make money….cannot be the hook for joining otherwise unrelated conspiracies"). With nothing in the Indictment connecting Mr. Odle to the other defendants or to the conspiracies themselves, the two otherwise unrelated allegations against Mr. Odle are insufficient to connect him to either conspiracy. In sum, the Indictment fails adequately to allege that Mr. Odle's alleged conduct was part of a common scheme or plan with that of the other alleged co-conspirators. Accordingly, joinder of Mr. Odle with co-defendants in Group 3 (or any of the other defendants) is improper under Rule 8.

II.  **Even If Permissible Under Rule 8, Mr. Odle May Not Be Joined With Group 3, Since Doing So Would Violate His Constitutional Right To A Fair Trial**

Even if joinder of Mr. Odle with Group 3 were proper under Rule 8, the Court should not try Mr. Odle with Group 3. The judiciary's preference for joint trials where conspiracy is alleged cannot "trample a defendant's right to a fair trial." Nicely, 922 F.2d at 855. Thus, Federal Rule of Criminal Procedure 14 "recognizes that joinder, even when proper under Rule 8(b), may

5

prejudice" a defendant, and it authorizes the district courts to sever codefendants' trials under such circumstances. Zafiro v. United States, 506 U.S. 534, 538 (1993).

The Rule provides: "If the joinder of…defendants in…a consolidation for trial appears to prejudice a defendant…the court may…sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "As the language of Rule 14 indicates, the trial judge has wide discretion whether to sever a trial that has properly been joined." Perry, 731 F.2d at 992. Indeed, the United States Supreme Court has imposed upon trial courts a continuing duty to grant severance if a defendant is prejudiced by a joint trial. Schaffer v. United States, 362 U.S. 511, 516 (1960); United States v. Mardian, 546 F.2d 973, 979 (D.C. Cir. 1976).

The Supreme Court has held that a district court should grant severance under Rule 14 when there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. The "critical determination" in evaluating a motion to sever is whether "a jury could reasonably compartmentalize the evidence introduced against each individual defendant." United States v. Hernandez, 780 F.2d 113, 119 (D.C. Cir. 1986). When there are "clear disparities between the weight, quantity, or type of the evidence against the movant and against the other defendants," a "spillover" effect could jeopardize the lesser-implicated defendant's right to a fair trial. United States v. Long, 905 F.2d 1572, 1581 (D.C. Cir. 1990).

For example, evidence against one defendant "in some circumstances erroneously could lead a jury to conclude that a[nother] defendant was guilty." Zafiro, 506 U.S. at 539. Severance may therefore be required when the "evidence against one defendant is far more damaging than the evidence against the other defendant" and it shows that the former is far more culpable than

6

the latter. United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991) (internal quotes omitted); see United States v. White, 116 F.3d 903, 916 (D.C. Cir. 1997).

As the Supreme Court has recognized, this risk of prejudice is heightened when "many defendants are tried together in a complex case and they have markedly different degrees of culpability." Zafiro, 506 U.S. at 539. Courts should always be "mindful of the serious risks of prejudice and overreaching that are characteristic of joint trials," Id. at 545 (Stevens, J., concurring). And this is especially true "when a conspiracy count is included in the indictment," id., "because of the danger that the guilt of one defendant may be unjustly transferred to another." Nicely, 922 F.2d at 855. Indeed, "courts have always kept in mind the problems inherent in trial of conspiracy cases involving numerous defendants," where the "'dangers of transference of guilt' are such that a court should use 'every safeguard to individualize each defendant in his relation to the mass.'" Mardian, 546 F.2d at 977 (quoting Kotteakos v. United States, 328 U.S. 750, 774, 773 (1946)). While limiting instructions "often will suffice to cure any risk of prejudice," when the risk of prejudice is high, district courts are "more likely to determine that separate trials are necessary." Zafiro, 506 U.S. at 539.

In United States v. Mardian, the D.C. Circuit reversed the defendant's conspiracy conviction, because of the prejudice he likely suffered by being tried with three principal co-conspirators who "had played much more substantial roles in the crime over much longer periods." See United States v. Sampol, 636 F.2d 621, 645 (D.C. Cir. 1980) (discussing the Court's opinion in Mardian); Mardian, 546 F.2d at 977-81. While his six co-defendants had each been charged with a substantive offense, the defendant was charged with conspiracy alone. Mardian, 546 F.2d at 977. Moreover, of the 45 overt acts alleged in the indictment, the defendant was allegedly involved in only 5 of them. Id. at 977-78. Finally, even if the defendant

had been part of the conspiracy, his participation lasted for only a few weeks rather than a number of years. Id. at 978.

In United States v. Cortinas, 142 F.3d 242 (5th Cir. 1998), seven defendants were convicted of conspiracy and various substantive offenses arising out of a drug distribution scheme. Several of the defendants had committed violent offenses as part of the scheme. 142 F.3d at 246-48. Prior to trial, two of the defendants filed motions to sever under Rule 14, arguing that much of the evidence that would be introduced at trial — testimony about the acts of violence committed by their codefendants — would be so highly prejudicial to their case as to undermine their constitutional right to a fair trial. Id. at 248. The Fifth Circuit agreed, stating, "Although persons jointly indicted in a conspiracy case should generally be tried together, we must conclude that [the defendants'] motions for severance should have been granted." Id. Because the limiting instructions given by the trial judge were "inadequate to mitigate the prejudicial effect of the overwhelming testimony regarding the violent, criminal activities of [their codefendants]," the court reversed the appellants' conspiracy convictions and remanded their case for a new trial. Id.

Likewise, in United States v. Kelly, the Second Circuit reversed a defendant's conspiracy conviction based on the "accumulation of evidence of wrongdoing by his codefendants." 349 F.2d 720, 756 (2d Cir. 1965). In Kelly, the defendant spent three months at trial before his name was even mentioned. By then, the weight of the evidence against his codefendants "must have stamped them in the eyes of the jurors as unscrupulous swindlers of the first rank." Id. at 759. That "some of this rubbed off" on the defendant there was no doubt. Id.[2]

---

[2] See also United States v. Gambino, 729 F. Supp. 954, 970-71 (S.D.N.Y.) (dividing the defendants according to their alleged level of participation in the conspiracy, because this would "significantly reduce the time spent by certain defendants listening to evidence with no relation to their case, and minimize the prejudicial spillover effects of being tried in one large group"), rev'd on other grounds, 920 F.2d 1108 (2d Cir. 1990); United States v. Gallo,

Here, Mr. Odle is charged in both of the conspiracy counts and two substantive drug charges. Of the 142 overt acts alleged in the conspiracies, Mr. Odle is mentioned in only three of them, two of which relate to a single incident. And, while the conspiracy allegedly lasted from 1997 through November 2004, each of the overt acts alleged against Mr. Odle took place within the span of a few weeks in 2002 — possession with intent to distribute an unspecified quantity of on PCP and ecstasy on November 8, 2002, and possession of a firearm on December 16, 2002. Indictment at 9, 10. These alleged acts are his only alleged connection to either alleged nearly eight-year-long conspiracy. See Indictment at 3.[3]

Mr. Odle's situation is perhaps best characterized by a description of what has *not* been charged against him. In marked contrast to the defendants with whom the Government wants to join Mr. Odle for trial, he has not been charged with the violent substantive offenses that Messrs. Gooch, Dorsey, and J. Robinson are facing in connection with the deaths of William Cunningham and Christopher Lane in August 2000 — first-degree murder, burglary and armed robbery. Unlike Mr. Gooch, he has not been charged with the first-degree murder of Miguel Miles in September 2002, assault with the intent to kill a police officer in November 2002, or the first-degree murders of Yolanda Miller and Calvin Cooper in February 2003. Further, while Mr. Odle has been charged with two substantive drug counts, these two counts, arising out of a single incident, pale in comparison to the nineteen drug-related charges against Mr. Dodd.

There is a gross disparity between the nature of the two non-violent substantive charges against Mr. Odle and the numerous violent crimes charged against Messrs. Gooch, Dorsey, and

---

668 F. Supp. 736, 750 (E.D.N.Y. 1987) ("The sheer volume of such evidence against coconspirators, especially when the prejudiced defendants sit in court for weeks or months on end without their names to much as being mentioned...can so unbalance the scales that no amount of cautionary instructions could...undo...the harm").

[3] Indeed, Mr. Odle has been incarcerated continuously since late 2002, during the latter two years of the alleged conspiracies.

9

J. Robinson. There is also a significant disparity between the scope and severity of the drug-related charges against Mr. Dodd and those charged against Mr. Odle. The likelihood of prejudice to Mr. Odle from a joint trial with principals who allegedly played vastly more substantial roles in the conspiracies, over much longer periods of time, is overwhelming.

Like the defendant in Kelly, it is likely that, if tried in Group 3, Mr. Odle would wait for weeks, if not months, before his name is mentioned at trial. By then, the evidence introduced against his co-defendants — regarding multiple murders and other violent crimes — would have inevitably spilled over and erroneously led the jury to conclude that Mr. Odle is guilty by association.

The likelihood of prejudice is only compounded by the fact that the Government is seeking the death penalty for Mr. Gooch. See, e.g., United States v. Williams, 181 F. Supp. 2d 267, 301-303 (S.D.N.Y. 2001) (severing non-capital defendant from death-eligible defendants); United States v. Gomez, 111 F. Supp. 2d 571 (E.D. Pa. 2000) (same); United States v. Rollack, 64 F. Supp. 2d 255, 256-258 (S.D.N.Y. 1999) (same); United States v. Haworth, 168 F.R.D. 658, 658-60 (D.N.M. 1996) (same). It is unreasonable to expect that such prejudice could be cured by an instruction to the jury. Instead, in these circumstances, the jury would be incapable of making a reliable judgment about Mr. Odle's guilt or innocence, and he would be denied his right to a fair trial.

Mr. Odle's situation is similar to that of April Dodd, whose trial the Court has previously severed from Group 3. See Order on Motions to Sever Defendants and/or Counts, December 16, 2005 (Dkt. 448) at 32. As the Court noted in its Order, Ms. Dodd was charged in both conspiracies (like Mr. Odle) and with only two non-violent substantive counts (also like Mr. Odle). See id. at 31. Moreover, like Mr. Odle, Ms. Dodd was not named in the original

indictment. Ms. Dodd's alleged participation in the conspiracy was confined to a single day (Mr. Odle's alleged participation is confined to two incidents a few weeks apart). Id. Because of the disparate nature of the charges and the kinds of evidence to be introduced against Messrs. Gooch, Dorsey, J. Robinson, and Dodd, the Court severed Ms. Dodd's trial. Id. at 32. Given the similarity in their circumstances, Mr. Odle seeks the same relief — a separate trial.

### III. If The Court Declines Mr. Odle's Request For A Separate Trial, He Should Be Severed from Group 3 and Joined for Trial With April Dodd and/or Shawn Hinson

"Naturally, in passing on a motion for severance the court must consider not only the burdens on the prosecution, but also the burdens any new trial would place on the court, the witnesses, and a new jury panel." Mardian, 546 F.2d at 980. If the Court does not grant Mr. Odle his own trial, he requests, in the alternative, that he be severed from Group 3 and joined with Ms. Dodd and/or Shawn Hinson. This solution would not only protect Mr. Odle from the prejudice that he would inevitably suffer if joined with Group 3, but it would also serve the Court's interest in judicial economy.

Regardless of whether or not Mr. Odle is joined in Group 3, the Court is going to have to conduct at least one other trial, since Ms. Dodd's trial has already been severed from Group 3. By grouping Mr. Odle with Ms. Dodd and/or Mr. Hinson, no judicial economy is lost. Prejudice is minimized, however, since, unlike the defendants in Group 3, none of these three individuals have been charged with any substantive crimes of violence.

### CONCLUSION

For the reasons set forth herein, Defendant Keith Odle moves for severance of his trial from that of the other defendants named in the Superseding Indictment.

                                            Respectfully submitted,

                                            KELLEY DRYE COLLIER SHANNON

                            By:              /s/
                                            Barry J. Pollack
                                            Dawn E. Murphy-Johnson
                                            3050 K Street, N.W.
                                            Washington Harbour – Suite 400
                                            Washington, D.C. 20007
                                            Telephone: (202) 342-8472
                                            Facsimile: (202) 342-8451

Date: June 19, 2006                          *Counsel for Keith Odle*