UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.: 04-128 (RMC) |
| : | |
| JOHN FRANKLIN, et al. : | |
| (KEITH ODLE, : | |
| SHAWN HINSON) : | |
| : | |

**RESPONSE TO MOTION FOR BILL OF PARTICULARS**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, opposes Keith Odle's motion for bill of particulars (#568), (joined by Shawn Hinson in document # 572). The bill of particulars is being interposed to obtain discovery of information and evidence to which the defense are not entitled under Federal Rule of Criminal Procedure 16. For these and other reasons the motion should be summarily denied. The Government asserts the following in support of this request:

1. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the filing of a bill of particulars. This does not mean that every bill of particulars has merit. Indeed, this one does not.

2. A bill of particulars is granted only where necessary to inform the accused of the charge against him with sufficient precision to enable him to know what to defend against, and to enable the defendant to plead jeopardy to prevent further prosecution. Wong Tai v. United States, 273 U.S. 77 (1927). The purpose of the bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense,

and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987), United States v. Madeoy, 652 F.Supp. 371, 374 (D.D.C. 1987). It is not the function of a bill of particulars to provide a detailed disclosure of the Government's evidence in advance of trial. Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968). Similarly, a bill of particulars is not intended as a vehicle for the "wholesale discovery of the Government's evidence." United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975), cert. denied, 423 U.S. 808 (1975); United States v. Automated Medical Laboratories, 770 F.2d 399, 405 (4th Cir. 1985). .

    3. In a conspiracy case, a bill of particulars may not be used to compel the Government to provide the essential facts regarding the existence and formation of the conspiracy. United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986), opinion modified in part, 801 F.2d 378 (11th Cir. 1986), cert. denied, 480 U.S. 919 (1987), nor is the Government required to specify every overt act it intends to prove at trial. Wong Tai v. United States, 273 U.S. 77 (1927). Although in this indictment, the Government set out in particular detail, overt acts committed in furtherance of the conspiracy, in a prosecution for conspiracy under 21 U.S.C. §846, the Government is not required to prove any overt acts committed in furtherance of that conspiracy--overt acts are not an element of the offense of a narcotics conspiracy. United States v. Shabani, 513 U.S. 10 (1994). Nevertheless, in the indictment returned October, 2005, the Government did specify one hundred forty-two overt acts, and provided detailed explanations of the Manner and Means to accomplish the conspiracy, articulated additional detail in count two explaining the racketeering enterprise, and provided a detailed explanation of the goals of the conspiracy in count one and count two of the indictment, all which give the defendant information that he was not otherwise entitled to receive under Rule 16 of the Federal Rules of Criminal Procedure.

4. Further, the law on granting a bill of particulars has not changed in this circuit and was most recently applied in United States v. Mejia, 448 F.3d 436, at 444-445 (D.C. Cir. 2006). In that decision, the Court of Appeals upheld the denial of a bill of particulars and explained the continued vitality of United States v. Butler, 882 F.2d 1191 (D.C. Cir. 1987). The appellate court noted that the defendants in Mejia had failed to demonstrate a lack of particularization and noted that the indictment identified the object of the conspiracy, provided a time period of the conspiracy, stated the proper mens rea required, cited various venue applicable, and identified what statutes that the object of the conspiracy violated. Mejia, at 445. The instant indictment does that and more.

5. The defense reliance upon United States v. Ramirez, 54 F. Supp. 2d 25 (D.D.C. 1999) to support its application for a bill of particulars is misplaced. Although the judge presiding in that case had the discretion to grant the bill of particulars, the decision went far beyond the bounds set by this Circuit in United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987), and reiterated in United States v. Mejia, 448 F.3d 436 (D.C. Cir. 2006). Moreover, the Ramirez decision is hardly persuasive since it cited only one other case in support of its ruling, United States v. Trie, 21 F. Supp. 2d 7 (D.D.C. 1998), and that decision was issued by the same judge. It hardly points to any significant shift or new direction in the law on bills of particulars.

6. The bill of particulars requested here is unnecessary and an abuse of the discovery rules. The defense have been supplied with over 130 compact computerized disks (CDs) containing a massive amount of discovery in a digitized format. The indictment itself provides a running commentary providing a detailed explanation of the conspiracy, its members, and the enterprise. Moreover, defense counsel's motion completely overlooks the fact that they have access to the transcripts of the trial that concluded in May, 2006, in which the leadership of the M Street Crew were prosecuted and convicted.

Obviously that trial has provided them with a "preview" of the Government's evidence that they could never have hoped to obtain under Federal Rule of Criminal Procedure 16 requests or under any bill of particulars. The list of particulars sought in their motion, which is analogous to a list of civil interrogatories, seeks a preview of evidence to which they are not entitled. Further, some of the questions ask the Government to state a "theory" of its prosecution to which they are not entitled. Ultimately, the Government's protestations aside, answers to the questions propounded in the bill of particulars can be gleaned by reviewing the transcript of the trial of the M Street Crew leaders.

7. The motion for bill of particulars is wholly frivolous, seeks to require answers to questions which are already answered in the indictment, and impermissibly seeks to obtain a preview of the Government's evidence not otherwise allowed by law (but coincidentally is already available by review

of the transcript of the trial of the M Street Crew leadership).  The motion for bill of particulars should be summarily denied.

        Respectfully Submitted,

        KENNETH WAINSTEIN
        UNITED STATES ATTORNEY


        Darlene Soltys
        Assistant United States Attorney
        DC Bar # 431-036
        Organized Crime and Narcotics Section
        555 4th Street, N.W. –
        Washington, D.C. 20001
        (202) 514-8147


        John P. Dominguez
        Assistant United States Attorney
        DC Bar # 959809
        Organized Crime & Narcotics Section
        555 4th Street, N.W. – Room 4247
        Washington, D.C. 20001
        (202) 514-7060
        Fax: 202-514-8707

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this ____ day of July, 2006.

        _____
         John P. Dominguez
        Assistant U.S. Attorney