UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 04-128 (RMC) |
| | : | |
| **JOHN FRANKLIN, et al** | : | |
| **(KEITH ODLE,** | : | |
| **LARRY GOOCH,** | : | |
| **SHAWN HINSON,** | : | |
| **JONTE ROBINSON,** | : | |
| **KENNETH DODD, and** | : | |
| **APRIL DODD)** | : | |
| **Defendants.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT
GOOCH'S VARIOUS MOTIONS TO SEVER, DISMISS OR STRIKE COUNTS**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, opposes Larry Gooch's various motions to sever, dismiss or strike counts pertaining to the Narcotics and RICO conspiracies (#576), the Cunningham/Lane murders (#565), the substantive drug counts (#579), and evidence from the Lurk murder (#577). These motions filed on behalf of defendant Larry Gooch are joined in or adopted by defendants Keith Odle, (document #571), Shawn Hinson (in document #572), Kenneth Dodd (in document #567), Jonte Robinson (in Document #560), and by April Dodd (in document #573). The motions are without merit and should be summarily denied. The motions may be decided on the pleadings and in the Government's assessment, do not require a factual presentation or evidentiary hearing. The Government asserts the following in support of this opposition:

**Opposition Motion to Dismiss Counts One and Two**

1. Defendant Gooch's motion #576 claims that counts one and two of the indictment should be dismissed because the indictment alleges multiple conspiracies, (one which did not begin until after

John Franklin emerged as a leader in 2002), and because the indictment impermissibly allows the Government to "prosecute a neighborhood." Both arguments are devoid of merit.

2. The essence of the defendant Gooch's first complaint is that when John Franklin entered the conspiracy, he created a different drug organization. (Document 576, page 2, paragraph 4). The inference is that thereafter, another conspiracy existed and that conspiracy differed from the "pre-existing distribution conspiracy." (Document, page 2, paragraph 4). The argument is not based upon a fair reading of the indictment. Further, the argument is based upon conjecture and speculation at best, as it suggests facts that are not in the indictment but that could only be proved at trial.

3. Defendants may enter or join an ongoing conspiracy and need not be present at the conspiracy's inception in order to be a member. United States v. Adamo, 882 F.2d 1218, 1230 (7th Cir. 1989). United States v. Knowles, 66 F.3d 1146, 1155 (11th Cir. 1995); United States v. Crouch, 46 F.3d 871 (8th Cir. 1995); United States v. Sarno, 456 F.2d 875, 878 (1st Cir. 1972); Nelson v. United Stats. 415 F.2d 483, 486 (5th Cir. 1969), cert. denied, 396 U.S. 1060 (1970). There is no support for the proposition that a conspiracy changes every time a new member joins it, nor is there support for the proposition that the conspiracy begins anew when another assumes a leadership role in it.

4. The defense argument that "when Mr. Franklin arrived at 18th and M Streets, N.E., he created a *different drug distribution organization* with himself as the leader" is not a necessary consequence of operation of the law of conspiracy. It is certainly not an allegation in the indictment nor will any of the Government's evidence produced at trial support such a notion. The defense may seek to defend the conspiracy indictment by introducing evidence to that effect during the trial, but it is not a necessary conclusion that flows from the operation of the law on conspiracy. Moreover, evidence at trial will demonstrate that it was the same participants – members of the M St. Crew who sold crack cocaine

before Franklin's ascendency, who took to his new product, and began the distribution of PCP in earnest (while continuing the distribution of other narcotics). That it was the same participants (some of whom were original members of the M Street crew) demonstrates the fallacy of his argument.

5. In addition, the defense argues that the indictment permits the Government to "prosecute a neighborhood " where drugs, drug use, and drug selling has been a persistent problem. The argument is fallacious. The Government expects that its evidence will demonstrate that the M Street Crew maintained and operated an open air drug market in the vicinity of 18th and M Streets, N.E., and that as a consequence, a large portion of the series of drug trafficking crimes and related criminal conduct done in furtherance of that conspiracy occurred in this neighborhood. Such facts do not mean that geographic location is the organizing factor of a conspiracy (document 576, paragraph 5, page 3). Further, such facts that will be adduced at trial do not effect the validity of the indictment nor do they demonstrate the indictment is somehow constitutionally deficient.

7. Finally, proof that John Franklin emerged as a leader of the M Street Crew in 2002, by virtue of his role as PCP/ecstasy supplier, or proof that a majority of the crimes committed by members of the M Street Crew occurred in or around 18th and M Streets, N.E., does not mean that the indictment is deficient for having charged charged multiple conspiracies. In determining whether conduct involves a single or multiple conspiracy, courts consider three major factors: the existence of a common goal, the nature of the agreement and the overlap of participants. See, United States v. Guerra-Marez, 928 F.2d 665 (5th Cir.), cert. denied, 112 S. Ct. 322 (1991); United States v. Jones, 913 F.2d 1552 (11th Cir. 1990).

8. A fair reading of the indictment shows that it does not charge multiple conspiracies. There is no legal authority supporting the contention that the emergence of a leader of a conspiracy necessarily changes the nature and scope of the conspiracy, nor is there any authority in support of the defense

notion that the indictment impermissibly charges a neighborhood rather than as association of conspirators. The evidence at trial will demonstrate that the goal, the nature of the agreement and the participants remained the same after Franklin began using the M Street Crew for the distribution of PCP. The motion is devoid of merit and should be summarily dismissed.

### Opposition to Motion to Sever Cunningham/Lane Murders

9. Defendant Gooch's motion #565 seeks severance of the Cunningham/Lane murder counts (Counts 110 - 119) because those crimes have "no connection to the charged conspiracy, other than the fact that alleged members of the "conspiracy" are said to have done them." The argument and relief sought have actually already been considered and denied by the Court by way of an Order dated December 16, 2005(Document # 448) ("In any event, all the charges, including the crimes of violence, certainly satisfy the "logical relationship" test, and are thus properly joined under Rule 8(b).") Gooch now seeks relief based on the "wealth of new information" but fails to argue anything new other than to say the Cunningham/Lane murder is not relevant, and is inflammatory and prejudicial. Testimony that will be adduced at this trial will demonstrate that defendants Gooch, Dorsey and Robinson banded together as early as 1997 to commit crimes to further the goals of the drug trafficking enterprise and that this double murder/ robbery was another example of that joint activity. The Government already stated its opposition to this severance motion in document 348 and in its Supplemental Memorandum Demonstrating a Nexus of Murders to the RICO Conspiracy (document 396).

### Reply to Motion to Strike Evidence of the Lurk Murder

10. Document 577 filed on behalf of defendant Larry Gooch moves to strike evidence of the Lurk Murder and is joined in or adopted by defendants Keith Odle, document 571, Shawn Hinson in document 572, Kenneth Dodd in document 567, Jonte Robinson in Document 560, and by April Dodd

in document 573. Although the Government disputes the legal assertion that the evidence of co-conspirator John Franklin and William Simmons participation in the murder of Kevin Lurk and the shooting of Shelby Anderson should be excluded from the indictment, the issue is moot at this time and need not be decided by the Court. The issue is moot because the Government does not intend to offer evidence in its case in chief regarding counts 129-133 against any of the defendants scheduled for trial in Group III. The counts in the indictment are properly included in the indictment as argued in the Government's Supplemental Opposition to Severance (Document 348) and the relief requested has been considered and denied by the Court in its Order dated December16, 2005 (Document 448). The ruling found that these crimes satisfy the logical relationship test and are properly joined under Rule 8(b)). The the objection to introduction of evidence of the Lurk murder and related offenses need not be resolved by the court unless any other co-defendant intends to interject the issue in the trial or otherwise open the door to the presentation of the evidence involving counts 129 through 133.

**Opposition to the Motion to Sever Counts 25, 26, and 29 and to Strike Surplusage**

11. The defendant Larry Gooch has moved to sever substantive drug distribution counts 25, 26 and 29 from the indictment, and the corresponding overt acts, and to strike language from the indictment referring to them. (Document 579). The motion articulated in document 579 is joined in or adopted by defendants Keith Odle, document 571, Shawn Hinson in document 572, Kenneth Dodd in document 567, Jonte Robinson in Document 560, and by April Dodd in document 573.

12. In Defendant Gooch's Motion to Sever Counts 25, 26 and 29 and Strike Surplusage (the substantive drug counts) (#579), the arguments that the wholesale crack sales that Larry Gooch made to a special employee are somehow unrelated to the narcotics/ RICO conspiracies because the deals

occurred outside of the confines of 18th and M [1] or were made to someone not part of the crew are unpersuasive. Evidence will demonstrate that the narcotics conspiracy involved the wholesale and street level sale of a variety of drugs. Evidence will demonstrate that members of the M St crew ventured out of the confines of their 18th and M Street neighborhood for a variety reasons from clubbing to shooting sprees. There is simply no requirement that all activity in furtherance of the conspiracy be limited to a geographical area. Indeed, evidence that Gooch sold to a special employee is powerful evidence of his role in the conspiracy. There may be a single continuing agreement to commit several offenses by a multiplicity of means. United States v. Corbin, 734 F.2d 643 (11th Cir. 1984). The motion to sever these counts should be summarily denied.

        Respectfully Submitted,

        KENNETH WAINSTEIN
        UNITED STATES ATTORNEY


        Darlene Soltys
        Assistant United States Attorney
        DC Bar # 431-036
        Organized Crime and Narcotics Section
        555 4th Street, N.W. –
        Washington, D.C. 20001
        (202) 514-8147

---

[1]    In Count 25, Larry Gooch sold to a special employee who had introduced to him by someone identified as a member of the M St. crew. The sale of $1000 worth of crack took place at the 800 block of 21 St., N.E., about 5 blocks from 18th and M. Thereafter, when the special employee inquired about ecstasy, Gooch called Kenneth Dodd and arranged for Dodd to make a sale of 50 ecstasy pills. (Count 26) In Count 29, the same special employee this time contacted Gooch directly and arranged to buy $1500 of crack. Gooch directed him to the Checkers on Maryland Ave., about 8 blocks away.

        John P. Dominguez
        Assistant United States Attorney
        DC Bar # 959809
        Organized Crime & Narcotics Section
        555 4th Street, N.W. – Room 4247
        Washington, D.C. 20001
        (202) 514-7060

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this _____ day of July, 2006.

        _____
        John P. Dominguez
        Assistant U.S. Attorney