## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No.: 04-128 (RMC)** |
| **JOHN L. FRANKLIN, ET AL.** | | : |
| **(KEITH ODLE** | : | |
| **LARRY GOOCH** | : | |
| **SHAWN HINSON** | : | |
| **JONTE ROBINSON** | : | |
| **KENNETH DODD** | : | |
| **APRIL DODD,** | : | |
| **Defendants.)** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT ODLE'S MOTION TO DISMISS COUNTS ONE AND TWO

The United States of America, through its attorney, the United States Attorney for the District of Columbia, opposes the motion to dismiss counts one and two. The motion to dismiss is raised in document 570 filed by defendant Keith Odle and is joined in or adopted by defendants Larry Gooch, document 575, Shawn Hinson in document 572, Kenneth Dodd in document 567, Jonte Robinson in document #560, and by April Dodd in document 573. The motion to dismiss is devoid of merit and should be summarily denied. The motion may be decided on the pleadings and in the Government's assessment, does not require a factual presentation or evidentiary hearing. The Government asserts the following in support of this opposition:

1. The defendant Odle's motion claims that the indictment should be dismissed because it fails to allege a sufficient factual basis that Keith Odle was a member of the conspiracies charged in counts one and two of the superseding indictment. Secondly, the motion claims that the indictment should be dismissed because it alleges multiple conspiracies and/or multiple offenses not related to the charged conspiracies. Both arguments are devoid of merit.

2. An indictment need only provide sufficient detail to assure against double jeopardy and state the elements of the offense charged. United States v. Haldeman, 559 F.2d 31, 347 (D.C. Cir. 1977). Indictments that do little more than track the language of the statute, and that state the time and place of the alleged crime are sufficient. Id., at 347. Contrary to the assertions of the defense, there is no authority that indictments are required to "put the defendant on notice as to every means by which the prosecution hopes to prove that the crime was committed." Id. at 347. Although the indictment alleges overt acts in an effort to notify the defendants as to what specific conduct is involved in the conspiracies, overt acts are not elements of the offense of a narcotics conspiracy and need not be proven. United States v. Shabani, 513 U.S. 10 (1994).

3. As noted in the Government's opposition to the motion for bill of particulars, the indictment did specify one hundred forty-two overt acts, and provided detailed explanations of the manner and means to accomplish the conspiracy. It articulated additional detail in count two explaining the racketeering enterprise, and provided a detailed explanation of the goals of the conspiracy in count one and count two of the indictment, all which give the defendant information that he was not otherwise entitled to receive under Rules 7 or 16 of the Federal Rules of Criminal Procedure.

4. The defendant's complaint that the indictment is constitutionally deficient because it fails to allege how Mr. Odle entered the conspiracy or how he agreed to obtain and distribute narcotics are complaints for which there is no remedy. There is no requirement that an indictment allege such specificity and indeed, defense counsel cite none. Moreover, their complaint of lack of detail is tantamount to an observation that evidence normally presented at trial is not specified in the indictment. Such detail need not be alleged in the indictment. The Federal Rules of Criminal Procedure were

designed to eliminate the kind of technicalities in criminal pleadings that the defense now claims is lacking.  Haldeman, supra, at 347 (quoting  United States v. Debrow, 346 U.S. 374, 376 (1953).

    5.  The defendant's reliance upon United States v. Russell, 369 U.S. 749 (1962) is misplaced. In this decision, the Supreme Court reversed the convictions of defendants who were indicted for refusing to answer questions before a Senate subcommittee where the indictment failed to allege what was the subject matter of the Senate inquiry and failed to allege that the questions the defendants failed to answer were even pertinent to the specific topic of the Senate subcommittee's inquiry.  The Supreme Court's decision interpreted 2 U.S.C. §192, and noted that such indictments that fail to specify the question under Congressional inquiry are fatally deficient because such information is central to any prosecution under the statute.  The decision was very specific about allegations required of prosecutions under 2 U.S.C. §192 and does not stand for the broad, far reaching pronouncements about specificity required (or lacking) in the indictment in the instant case.

    6.  Further, the defendant's reliance upon United States v. Baugham, 449 F.3d 167, 2006 WL 1506859(D.C. Cir. 2006), decided June 2, 2006, is also misplaced.  The defense argues that the indictment charges multiple conspiracies or multiple offenses that are not related to the conspiracies alleged.  They observe that count one, the narcotics trafficking conspiracy, alleged overt acts involving violence and firearms and hence, those crimes must be unrelated offenses or multiple conspiracies because such offenses do not charge drug possession or drug distribution.  The argument simply ignores assertions in the indictment that clearly state how use of firearms and commission of violent crimes furthered the goal of the conspiracy.  Paragraph 6 of the Manner and Means of count one, clearly and concisely states how such non-drug trafficking crimes furthered the goal of the conspiracy.  In the alternative, the argument is merely a restatement of issues previously raised, addressed, and adjudicated

(at least in part as to the defendants in Group I and Group II) in the Government's Opposition to the various motions for severance (Document 348), and in the Government's Supplemental Memorandum Demonstrating a Nexus of Murders to the RICO Conspiracy (Document 396). Both pleadings reply to allegations of misjoinder of the firearms and violent crimes with the drug trafficking crimes, and further cite the extensive body of case law supporting joinder and the logical nexus between firearm offenses and violent crimes with a drug conspiracy and RICO conspiracy. Those arguments are set forth in Documents 348 and 396 and need not be recapitulated here. Those complaints previously addressed do not gain any greater legal significance merely by restating them under a different caption (a motion to dismiss versus a motion to sever). Ultimately, the Baugham decision merely applies the harmless error standard to review appellate claims that the evidence at that trial was a variance with the conspiracy alleged in the indictment because, as they claim, the proof established multiple conspiracies instead of a single conspiracy. It does not support the defense claim that the Government has alleged multiple conspiracies. Clearly, the indictment alleges a single conspiracy in count one and a single conspiracy in count two. As even the defense own motion appropriately points out, the question of whether "the evidence establishes a single or multiple conspiracies is a question of fact for the jury to decide." See, e.g., United States v. Ellender, 947 F.2d 748, 759 (5th Cir. 1991). (Motion, Document 570 at page 12.) The defense may wish to argue at the close of the trial that the Government has proven multiple conspiracies rather than a single conspiracy. It is still a question of fact for the jury and not a matter that can be decided in a pretrial motion without the court having first heard all the evidence.

7.  In sum, the indictment is more than sufficient to notify the defendant Odle of what criminal

conduct to defend, and does not allege multiple conspiracies or multiple offenses that are not related

to

the conspiracies charged.  The motion is devoid of merit and should be summarily denied.

Respectfully Submitted,

KENNETH WAINSTEIN
UNITED STATES ATTORNEY

Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147

John P. Dominguez
Assistant United States Attorney
DC Bar # 959809
Organized Crime & Narcotics Section
555 4th Street, N.W. – Room 4247
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this ____ day of July, 2006.

_____
   John P. Dominguez
Assistant U.S. Attorney

6