UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | Criminal No.:  04-128  (RMC) |
| : | |
| **JOHN FRANKLIN, et al.**   : | |
| (**APRIL DODD,**   : | |
| **KENNETH DODD,**   : | |
| **TOMMIE DORSEY,**   : | |
| **SHAWN HINSON,**   : | |
| **LARRY GOOCH,**   : | |
| **KEITH ODLE, and**   : | |
| **JONTE ROBINSON**)   : | |

**GOVERNMENT'S OMNIBUS RESPONSE TO VARIOUS LEGAL MOTIONS**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, responds to the following legal motions Jonte Robinson's (#558) Motion for order to provide impeachment evidence on hearsay declarants; (#561) Motion for disclosure of <u>Bruton</u> statements; (#562 Preservation of electronic mail); (#563) Disclosure of names of counsel who represent government witnesses; and (#564) Disclosure of identity and impeachment evidence for cooperators. These motions have been joined by other co-defendants – Larry Gooch joined and adopted all five (#575), Shawn Hinson joined and adopted all five (#572), April Dodd joined and adopted all five (#573), Kenneth Dodd joined and adopted #561 and #562 (in his document #567).  The Government submits the following in support of its response:

1.  Jonte Robinson's #558 Motion seeks an order directing the Government to provide impeachment evidence on hearsay declarants, that is, those cooperating witnesses who will testify to co-conspirators statements.  He seeks prior convictions, reputation for untruthfulness, prior inconsistent statements and evidence of prior bad acts probative of truthfulness.  To a large extent, this material is

already in the hands of defense counsel. During the Group 1 trial, the Government provided their defense counsel with Giglio packets for each of the 12 cooperating witnesses who testified. As the Court directed, this information was provided to counsel on the Thursday before the witness testified. It will come as no surprise to the Court and the defense counsel that many of those same witnesses will testify for the Government in the next trial. There are other cooperating witnesses who did not testify at the first trial. The Government is aware of its obligations under Giglio, Brady and their progeny. At this next trial, the Government will continue to provide Giglio packets that contain the above-requested material. The Government respectfully requests that the Court continue its practice of requiring the Government to produce such information on the Thursday before the witnesses testify.

2. Document #561 requests disclosure of any Bruton (post arrest statements made by co-defendants) statements. The Government is not aware of any such statements.

3. Document #562 requests that the Court order the Government and investigative agencies to preserve all electronic mail made in connection with the investigation and prosecution of this case, relying on the Jencks Act. First, the Government submits that there has not been any communication by electronic mail with any potential witness wherein the witness wrote, responded to, documented or provided information pertaining to the substance of their trial testimony. Second, the Jencks Act (18 U.S.C. Sec. 3500) does not require the Government to store, save or produce electronic communications between prosecutors and investigators in the terms that are broadly couched in this motion. Indeed, there is not authority, legal or statutory, to support such a request.

4. Document #563 requests a Court order to require the Government to disclose the identity of counsel when the defense provides the name of a government witness. The Government will provide that name of counsel under this arrangement without the necessity for court order.

5. Document #564 compels "disclosure of information regarding confidential informants, witnesses and cooperating criminals" by seeking the identity and background information of government witnesses "at the earliest possible time." This motion simply reiterates the request made in document # 558. It is believed that counsel already have the <u>Giglio</u> packets (and indeed and the trial testimony) of the 12 cooperators who testified at the trial of the co-conspirators in Group I. There are other cooperators who will testify at the upcoming trial, but consistent with the Court's earlier ruling, for safety concerns, the Government requests that the Court require production of <u>Giglio</u> packets on the Thursday before they testify. Counsel further demands the FBI informant file but can point to no authority for such a demand. We vigorously oppose access to such records. As the Court saw in the first trial, the Government's <u>Giglio</u> packets contained that which counsel seeks - criminal histories, plea agreements, transcripts of plea hearings, information detailing remunerations, mental health information where relevant, <u>Brady</u> information, debriefing notes, grand jury testimony and Jencks material. Finally,

as we addressed in document # 433, should there be "informants" of the Roviaro nature that are not called as Government witnesses, the Government will make such person available to the defense.

Respectfully Submitted,

KENNETH WAINSTEIN
UNITED STATES ATTORNEY


Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147


John P. Dominguez
Assistant United States Attorney
DC Bar # 959809
Organized Crime & Narcotics Section
555 4th Street, N.W. – Room 4247
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this 19th day of July, 2006.

_____
Assistant U.S. Attorney