UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 1:04-cr-00128 RMC |
| ) | |
| JONATHAN L. FRANKLIN, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT KEITH ODLE'S REPLY TO
THE GOVERNMENT'S OPPOSITION TO
<u>HIS MOTION FOR A BILL OF PARTICULARS</u>**

Defendant Keith Odle has moved pursuant to Federal Rule of Criminal Procedure 7(f) for a bill of particulars that will enable him to understand the charges against him in this case, adequately prepare his defense and prevent unfair surprise at trial. The Superseding Indictment ("Indictment") fails adequately to inform Mr. Odle of a number of essential aspects of his alleged involvement in the conspiracies charged in Count One (narcotics conspiracy) and Count Two (RICO conspiracy): how and when he joined the alleged conspiracies; if and when he withdrew from them; how Overt Acts 15, 16, and 20 — the only Overt Acts that reference him — were in furtherance of the alleged conspiracies; and the identities of any un-indicted co-conspirators.

In response, the Government does not address any of the particulars requested by Mr. Odle. Instead, the Government claims that Mr. Odle is not entitled to any particulars, because it has provided voluminous discovery pertaining to individuals *other than Mr. Odle*. For example, the Government notes that it has produced approximately 130 compact disks in discovery, but only a few pages on a single disk relate to Mr. Odle. Also, the Government cites the three-month-long trial that has recently taken place, but that trial did not relate to Mr. Odle, who was mentioned at that trial, if at all, only in passing.

The availability of certain details of the Government's case against individuals other than Mr. Odle fails to fulfill the Government's obligation to put Mr. Odle on notice of the nature of the charges against him. Moreover, the Government does not claim that providing the particulars sought by Mr. Odle would prejudice it in any way. In order to permit him to prepare his defense and to avoid unfair surprise at trial, Mr. Odle respectfully requests that the Court grant his motion and order the Government to provide the particulars requested.

I.  **The Government Mischaracterizes the Law of This Circuit Governing the Proper Exercise of Discretion in Granting a Motion for a Bill of Particulars**

As set forth in the memorandum of law in support of Mr. Odle's motion for a bill of particulars, the allegations with respect to Counts One and Two of the Indictment are so vague that a bill of particulars is necessary to understand the charges against him, to adequately prepare his defense, and to prevent unfair surprise at trial. The Government attempts to evade its responsibilities to provide a bill of particulars by claiming that the law in the D.C. Circuit is that as long as an indictment tracks the language of the charged statute and the government meets its discovery obligations, the provision of a bill of particulars is not appropriate. This assertion is simply a mischaracterization of the law of this Circuit, and it must be rejected.

One of the cases cited by the Government, United States v. Butler, 822 F.2d 1191 (D.C. Cir. 1987), recites the general standard in this Circuit regarding the provision of a bill of particulars: "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." 822 F.2d at 1193. The Butler court determined on the facts before it that the trial court did not abuse its discretion in declining to grant a bill of particulars, where the government had provided the

2

information sought by the defendant in its response to his motion for a bill of particulars. Id. at 1193-94.

In this case, the Government has failed to produce the information sought in its response to Mr. Odle's motion for a bill of particulars; nor has it produced this information in discovery or in any other forum. Contrary to the Government's suggestion that the holding in Butler abrogates the need for a bill of particulars under such circumstances, other judges of this Court have granted requests for particulars where, as here, the defendant was seeking basic information about the charges against him, rather than evidentiary detail, and the Government had failed to provide that information through some other vehicle. See United States v. Ramirez, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (Friedman, J.) (finding that bills of particulars are "all the more important" in narcotics conspiracy cases because the indictments provide "so little detail"); United States v. Trie, 21 F. Supp. 2d 7, 21 (D.D.C. 1998); United States v. Hubbard, 474 F. Supp. 64, 80 (D.D.C. 1979).

Rather than acknowledge that these cases demonstrate an appropriate exercise of discretion, the Government instead criticizes Mr. Odle for his "reliance" on the Court's opinion in United States v. Ramirez, 54 F. Supp. 2d 25 (D.D.C. 1999):

> The defense reliance upon United States v. Ramirez to support its application for a bill of particulars is misplaced. Although the judge presiding in that case had the discretion to grant the bill of particulars, the decision went far beyond the bounds set by this Circuit in United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987), and reiterated in United States v. Mejia, 448 F.3d 436 (D.C. Cir. 2006). Moreover, the Ramirez decision is hardly persuasive since it cited only one other case in support of its ruling, United States v. Trie, 21 F. Supp. 2d 7 (D.D.C. 1998) and that decision was issued by the same judge. It hardly points to any significant shift or new direction in the law on bills of particulars.

Response to Motion for Bill of Particulars (Docket No. 590) ("Gov't Opp.") at 3.

The Government thus asserts that this Court should ignore the opinion in Ramirez, merely because the Government believes it is "hardly persuasive." Of course, this Court should not accept the Government's invitation cavalierly to reject an opinion by a fellow member of this Court. Moreover, it is the Government that misses the mark in failing to be persuaded by the reasoning in Ramirez.

First, the Government's assertion that the Court relied only upon a single case, Trie, in support of its ruling in Ramirez is baffling. A cursory review of Ramirez demonstrates that Judge Friedman cited at least nine cases, solely in his discussion of bills of particulars: United States v. Butler, 822 F.2d 1191, 1192-93 (D.C. Cir. 1987); United States v. Trie, 21 F. Supp. 2d 7, 22 (D.D.C. 1998); United States v. Espy, 989 F. Supp. 17, 34 (D.D.C. 1987); United States v. Hubbard, 474 F. Supp. 64, 81 (D.D.C. 1979); United States v. Resko, 3 F.3d 684, 696 (3d Cir. 1993); United States v. MacFarlane, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991); United States v. Taylor, 707 F. Supp. 696, 700 (S.D.N.Y. 1989); United States v. Rogers, 617 F. Supp. 1024, 1029 (D. Colo. 1985); and United States v. Smith, 341 F. Supp. 687, 690 (N.D. Ga. 1972). Second, the Court in Ramirez cited Butler, one of the very cases on which the Government relies. Thus, the Court in Ramirez did, in fact, consider Butler and simply did not read Butler in the expansive fashion urged by the Government.

Rather, Butler, like the other case on which the Government primarily relies, United States v. Mejia, 448 F.3d 436 (D.C. Cir. 2006), merely stands for the proposition that, where the information sought in the particulars is provided to the defendant in advance of trial through another means, the trial court did not abuse its discretion in denying a motion for a bill of particulars and the defendant suffered no unfair surprise at trial as a result of a lack of a bill of particulars. Of course, the standard employed on appeal — whether the trial court's exercise of

4

discretion was abused to the point of reversible error — is not the standard that the trial court should be invoking in deciding a motion in the first instance. See United States v. Safavian, 233 F.R.D. 12, 16 (D.D.C. 2005) ("The prosecutor cannot be permitted to look at the case pretrial through the end of the telescope an appellate court would use post-trial. . . . [A] standard articulated in the post-conviction context for appellate review . . . is not the appropriate one for prosecutors [or the trial court] to apply" prior to trial).

The question presently before the Court is how to best exercise its discretion, not how poorly it can exercise its discretion and not get reversed on appeal. In this case, unlike in Butler and Mejia, the Government has not provided the information sought by way of particulars in any alternative manner. Because Mr. Odle is entitled to this information, the Court should exercise its discretion and order the Government to provide it via a bill of particulars. See Ramirez, 54 F. Supp. 2d at 30 (D.D.C. 1999); Trie, 21 F. Supp. 2d at 21; Hubbard, 474 F. Supp. at 80.

A.  **The Government Has Not Fulfilled Its Obligation by Producing Mountains of Documents that Do Not Relate to Mr. Odle**

In its opposition memorandum, the Government claims generally that the reams of documents provided to Mr. Odle on compact discs and the general availability of the transcript of Group One's recently concluded trial more than fulfill its obligation to provide the information essential to the defense of Mr. Odle's case. See, e.g., Gov't Opp. at 3 ("The defense have been supplied with over 130 compact computerized disks (CDs) containing a massive amount of discovery in a digitized format. The indictment itself provides a running commentary providing a detailed explanation of the conspiracy, its members, and the enterprise. Moreover, defense counsel's motion completely overlooks the fact that they have access to the transcripts of the trial that concluded in May 2006, in which the leadership of the M Street Crew were prosecuted and convicted."); id. at 4 (stating that the previous trial in this matter has provided Mr. Odle "with a

'preview' of the Government's evidence that [he] could never have hoped to obtain under Federal Rule of Criminal Procedure 16 requests or under any bill of particulars," and claiming that the information sought by Mr. Odle "can be gleaned by reviewing the transcript of the trial of the M Street Crew leaders.").

The Government's assertions are strikingly similar to those that have been squarely rejected in similar cases. For example, in United States v. Bortnovsky, 820 F.2d 572, 574-75 (2d Cir. 1987), the Second Circuit held that the district court had abused its discretion by failing to grant a bill of particulars, reversed the defendants' convictions and remanded the case to the district court for a new trial. The Government contended in Bortnovsky that it had "fulfilled its obligation to inform [defendants] of the charges [against them] by being explicit in the indictment and by providing over 4,000 documents to defense counsel during discovery." 820 F.2d at 574. The Second Circuit held that, despite the information supplied to the defendants, the Government had not "reveal[ed] crucial information" to them. Id. "The relevance of key events was shrouded in mystery at the commencement of and throughout the trial. *The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel.*" Id. at 575 (emphasis added). See also United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988) (reversing defendant's conviction and remanding case for a new trial when the district court abused its discretion in denying defendant a bill of particulars in a RICO case; noting that the general principles regarding bills of particulars "must be applied with some care when the Government charges criminal offenses under statutes as broad as RICO. With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to

particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of a more limited scope.").[1]

Strikingly, not once in its opposition does the Government address the actual particulars that Mr. Odle seeks. He specifically requests only a few essential particulars with respect to the nature of the charges against him: how and when he joined the alleged conspiracies; when he withdrew from them; how Overt Acts 15, 16, and 20 were in furtherance of the alleged conspiracies; and the identities of any un-indicted co-conspirators. He is not seeking details of the Government's case against Messrs. Franklin, Blackson, W. Robinson, Simmons or Wilson — the Group One defendants who were tried over the course of three months earlier this year. Were he seeking those details, then the transcript of their trial would likely prove helpful. However, that trial fails to put Mr. Odle on notice of the particulars he seeks in the Government's case against him. Likewise, the Government's production of the CDs in discovery does nothing to address the specific information that he does not have and that is essential to his defense. The only information relevant to Mr. Odle on the CDs includes a handful of undated group photographs and the police reports pertaining to his arrests on November 8, 2002 (the incident underlying Overt Acts 15 and 16) and December 12, 2002 (the incident underlying Overt Act 20). This information plainly does not inform Mr. Odle of the essential information requested in his motion, i.e., when and how he allegedly joined the broad

---

[1] This Circuit's opinion in Butler also supports Mr. Odle's motion: the defendant in that case requested a bill of particulars requiring the Government to "state the approximate times and places at which [he] entered and exited the alleged conspiracy." See 822 F.2d at 1193. The Government disclosed the dates that the defendant had made certain loans, and since "the alleged conspiracy revolved around the making of these loans, this response furnished essentially the information that [the defendant] had requested." Id. at 1193-94. Thus, the Government very specifically already given the defendant the information that he had requested and it was on that basis that the trial court's denial of the motion for a bill of particulars was upheld. Similarly, the court in Mejia found neither surprise nor prejudice with respect to the scope of the conspiracy where the Government produced DEA-6's well in advance of trial detailing the drug trafficking activities with which the defendant was charged. Mejia, 448 F.3d at 445-46.

conspiracies charged in the Indictment and how it is that these acts were allegedly in furtherance of these conspiracies.

    B.    **Mr. Odle Is Entitled to the Government's Theory of Prosecution**

The Government also asserts, with reference to no law whatsoever, that Mr. Odle is not entitled to its theory of his involvement in the conspiracies. See Gov't Opp. at 4 ("some of the questions ask the Government to state a 'theory' of its prosecution to which [Mr. Odle] is not entitled"). To the contrary, a defendant is not entitled to production of *all* of the Government's evidence, but the defendant is, in fact, entitled to the theory of the Government's case. See, e.g., United States v. Baker, 262 F. Supp. 657, 674-75 (D.D.C. 1966) (quoting Yeargain v. United States, 314 F.2d 881 (9th Cir. 1963)) ("A defendant is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case.") (emphasis in Baker).

Here, that includes the Government's theory as to when and how Mr. Odle allegedly participated in the charged conspiracies. This necessarily encompasses the information sought: how and when he joined the alleged conspiracies; when he withdrew from them; how Overt Acts 15, 16, and 20 were in furtherance of the alleged conspiracies; and the identities of any un-indicted co-conspirators.

II.    **The Government's Recently Filed "Notice of Intrinsic Evidence" Makes Mr. Odle's Need for the Requested Particulars All the More Apparent**

The alleged conspiracies spanned a seven-year period from 1997 through 2004. Yet, the Overt Acts referencing Mr. Odle alleged in the Indictment cover a period of only a few weeks, in November and December of 2002. On July 19, 2006, the Government filed a Notice of Intrinsic Evidence (Docket No. 593) ("Notice"). This Notice states that the Government intends to introduce evidence at trial regarding "the historical aspect" of the charged conspiracies, spanning

8

a period of years prior to the only acts involving Mr. Odle referenced in the Indictment. See Notice at 3. Yet, the Notice acknowledges that Mr. Odle "was not an original crew member nor from M St.," and characterizes Mr. Odle as a "short term" crew member. Id. at 12.[2]

The Government has thus stated its desire to adduce historical evidence about the formation of conspiracies that cover a seven-year period, while Mr. Odle has received notice of only a handful of acts occurring within a period of a few weeks. Mr. Odle has not been informed of when or how he allegedly joined the conspiracies or how the specified acts are allegedly in furtherance of the charged conspiracies. The Government thus seeks the ability to surprise Mr. Odle at trial with evidence about anything he did over the course of seven years. The Government's position illustrates the lack of meaningful notice to Mr. Odle as to what he needs to be prepared to defend and highlights the need for a bill of particulars.

## CONCLUSION

For the reasons set forth in Mr. Odle's memorandum of law in support of his motion for a bill of particulars, and for the reasons set forth herein, Mr. Odle requests that the Court grant his motion and order the Government to provide the particulars requested.

---

[2] The Notice also provides further support for Mr. Odle's pending motion for severance. See Docket No. 569. If the Government intends to offer lengthy and detailed evidence about historical aspects of the conspiracies that do not involve Mr. Odle, this only increases the chances that Mr. Odle's right to a fair trial will be prejudiced absent severance. See United States v. Kelly, 349 F.2d 720, 756 (2d Cir. 1965) (reversing conspiracy conviction of defendant who spent three months at trial before his name was even mentioned).

                                            Respectfully submitted,

                                            KELLEY DRYE COLLIER SHANNON

                                  By:          /s/
                                            Barry J. Pollack
                                            Dawn E. Murphy-Johnson
                                            3050 K Street, N.W.
                                            Washington Harbour – Suite 400
                                            Washington, D.C. 20007
                                            Telephone: (202) 342-8472
                                            Facsimile: (202) 342-8451

Date: July 26, 2006                            *Counsel for Keith Odle*