# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:04-cr-00128 RMC |
| | ) | |
| JONATHAN L. FRANKLIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT KEITH ODLE'S REPLY TO
## THE GOVERNMENT'S OPPOSITION TO
## HIS MOTION TO DISMISS COUNTS ONE AND TWO
## OF THE SUPERSEDING INDICTMENT

Defendant Keith Odle moved pursuant to Federal Rule of Criminal Procedure 7(c) and the Fifth and Sixth Amendments of the United States Constitution to dismiss Counts One and Two of the Superseding Indictment ("Indictment") against him. While these Counts charge a narcotics conspiracy (Count One), a RICO conspiracy (Count Two), they do not adequately allege that Mr. Odle was a member of either conspiracy. Accordingly, Counts One and Two must be dismissed against Mr. Odle. In addition, Count One alleges multiple conspiracy offenses in a single count — a narcotics conspiracy and a separate conspiracy to commit violent offenses. For this additional reason, it must be dismissed.

In response, the Government claims that it has necessarily met its pleading burden, because it has included in the Indictment 142 detailed Overt Acts — 139 of which do not relate to Mr. Odle. But the Government fails to address the fact that, despite the Indictment's details about people other than Mr. Odle, and indeed largely because of its inclusion of these allegations, the Indictment read as a whole does not adequately allege essential elements of the charges in Counts One and Two against Mr. Odle. Nor does the Government's reliance on the

manner and means alleged in Count One adequately tie the violent acts alleged in the Indictment to the narcotics conspiracy. Instead, the manner and means only make clear that Count One impermissibly joins multiple separate offenses in a single count.

**I.    Counts One and Two of the Indictment, Including the 142 Alleged Overt Acts, Do Not Adequately Allege Essential Elements of the Charges Against Mr. Odle**

As set forth in Mr. Odle's Memorandum of Law in support of his motion to dismiss Counts One and Two of the Indictment against him, these Counts fail to provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged" against Mr. Odle as required by Federal Rule of Criminal Procedure 7(c)(1), and the Fifth and Sixth Amendments to the United States Constitution. The Government glosses over this fact, and claims that because it included 142 Overt Acts in the Indictment, Counts One and Two were sufficiently pled. See Government's Opposition to Defendant Odle's Motion to Dismiss Counts One and Two at 2 (Docket No. 592) ("Gov't Opp.").

The Government states that "overt acts are not elements of the offense of a narcotics conspiracy." Gov't Opp. at 2. In making this undisputed point, the Government fails, however, to acknowledge that the essential element — the "gravamen" — of a narcotics conspiracy is the agreement to obtain and distribute the narcotics in question. See United States v. Singleton, 177 F. Supp. 2d 12, 26 (D.D.C. 2001) ("The gravamen of both [of the narcotics] conspiracies [charged under 21 U.S.C. § 846] was *the agreement* to obtain and distribute multi-kilograms of cocaine.") (emphasis added). Thus, an indictment purporting to charge a conspiracy under 21 U.S.C. § 846 must sufficiently allege an agreement to commit any of the offenses defined in 21 U.S.C. § 841(a)(1). See United States v. Baugham, 449 F.3d 167, 171 (D.C. Cir. 2006) ("The drug conspiracy statute, 21 U.S.C. § 846, dispenses with the usual requirement of an overt act and requires only *an agreement to commit any offense(s) defined in the subchapter.*") (emphasis

added).  Moreover, the Government fails to acknowledge that one of the two essential elements of a RICO conspiracy charge is that the defendant "knew of and agreed to the overall goal" of the racketeering activity.  See United States v. Philip Morris USA, Inc., 327 F. Supp. 2d 13, 17 (D.D.C. 2004) ("To demonstrate violations of Section 1962(d), the Government must prove (1) that two or more people agreed to violate Section 1962(c), and (2) that the defendant *knew of and agreed to* the overall goal of the violation.") (emphasis added).

The Government fails to address these fundamental points, and instead claims — as it did in its opposition to Mr. Odle's motion for a bill of particulars — that it has provided Mr. Odle, through the Overt Acts, with "information that he was not otherwise entitled to receive under Rules 7 or 16 of the Federal Rules of Procedure."  Gov't Opp. at 2.  Yet, none of these Overt Acts "descend to the particulars" of the conspiracy allegations against Mr. Odle.  See United States v. Russell, 369 U.S. 749 (1962).  The three Overt Acts that relate to Mr. Odle in no way allege that he entered into an agreement with the other named defendants to possess or distribute narcotics, or that he knew of and agreed to any overall goal of any racketeering activity.  As described in his Memorandum of Law in support of this motion, the Indictment fails to connect him to any conspiracy or to any agreement at all.  Instead, the Indictment merely alleges that Mr. Odle possessed PCP on one day in 2002 and a weapon one day several weeks later.  None of the 142 overt acts allege joint action between Mr. Odle and any other defendant, and none of the 157 substantive offenses name Mr. Odle together with any other defendant.

Neither Count One nor Count Two meets the requirements that the Supreme Court set out in Russell — they clearly lack a statement of the "facts and circumstances as will inform [Mr. Odle] of the specific offense[s], coming under the general description[s], with which he is charged."  See 369 U.S. at 765.  Rather than argue (as it cannot) that it has met this burden, the

Government instead claims that Mr. Odle's "reliance" on the Supreme Court's opinion in <u>Russell</u> is "misplaced," because, in the Government's view, the <u>Russell</u> decision "was very specific about allegations required of prosecutions under 2 U.S.C. § 192 [refusal of a witness to testify in congressional investigation] and does not stand for the broad, far reaching pronouncements about specificity required (or lacking) in the indictment in the instant case." <u>See</u> Gov't Opp. at 3.

Notably, the Government cites no law for this proposition. In fact, courts, including the D.C. Circuit, have routinely applied <u>Russell</u> in contexts other than congressional inquiries. <u>See, e.g.</u>, <u>United States v. Conlon</u>, 628 F.2d 150, 155-56 (D.C. Cir. 1980) (applying <u>Russell</u> in a case where defendant was charged with a conflict of interest under 18 U.S.C. § 208(a)); <u>United States v. Holmes</u>, 975 F.2d 275, 284-85 (6th Cir. 1992) (applying <u>Russell</u> in a case involving charges of transportation of a firearm in interstate commerce with the intent to commit a felony); <u>United States v. Sullivan</u>, 919 F.2d 1403, 1411 (10th Cir. 1990) (applying <u>Russell</u> in a case involving charges of firearm possession); <u>United States v. Rivera</u>, 837 F.2d 906, 917-919 (10th Cir. 1988) (relying, in part, on <u>Russell</u> to reverse the defendant's conviction on a continuing criminal enterprise charge, when the indictment in question did not provide him with sufficient notice of "the events for which [he had to] answer in court"); <u>United States v. Quinn</u>, 365 F.2d 256, 262-63 (7th Cir. 1966) (relying solely on <u>Russell</u> to reverse the defendant's fraud conviction, when that count in the indictment "fail[ed] to allege an essential element of the statutory offense"). Indeed, in <u>Russell</u>, "the Supreme Court set out the...criteria by which the sufficiency of an indictment is to be determined." <u>Holmes</u>, 975 F.2d at 284.

Counts One and Two fail to provide a plain statement of: any agreement between Mr. Odle and his co-defendants; that Mr. Odle shared in the goals of the broad conspiracies; or

concerted action between Mr. Odle and his alleged co-conspirators.[1]  As a result, both counts

must be dismissed against Mr. Odle.

## II.    Additionally, Count One Must Be Dismissed, Because the Alleged Manner and Means Not Only Fail to Tie the Violent Acts Alleged in the Indictment to the Narcotics Conspiracy, but Rather They Make Clear That Count One Improperly Alleges Multiple Offenses

Pursuant to Federal Rule of Criminal Procedure 8(a), the Government may join multiple

offenses in the same indictment, but it cannot join in a single count two or more distinct offenses.

See, e.g., United States v. Cisneros, 26 F. Supp. 2d 24, 51 (D.D.C. 1998); United States v.

Sharpe, 913 F.3d 852, 865 (5th Cir. 1999); United States v. Stanley, 597 F.2d 866, 871 (4th Cir.

1979).   In reviewing an indictment that purports to charge a single conspiracy, "the crucial

indicator is the nature of the conspiratorial agreement itself."   United States v. Hubbard, 474 F.

Supp. 64, 71 (D.D.C. 1979); see United States v. Kanchanalak, 37 F. Supp. 2d 1, 4 (D.D.C.

1999) ("It is settled that the agreement is the essence of the conspiracy; provided that there is

only one agreement, the government may allege one conspiracy with multiple illegal objects.").

The Government emphasizes that "whether 'the evidence establishes a single or multiple

conspiracies is a question of fact for the jury to decide,'" and gratuitously suggests that Mr. Odle

"argue at the close of the trial that the Government has proven multiple conspiracies rather than a

single conspiracy." See Gov't Opp. at 4 ("It is still a question of fact for the jury and not a

matter that can be decided in a pretrial motion without the court having first heard all the

evidence."). Yet, the Government has ignored the second half of the applicable standard. While

---

[1]  Reading the Indictment as a whole, it is apparent why the Government has not alleged that Mr. Odle entered into any such agreement or that he shared the goals of such a broad conspiracy.  The Indictment's detailed factual allegations demonstrate that the Government could allege, at most, that Mr. Odle participated in isolated street-level narcotics distribution over a brief period of time, and that it could not allege that he was part of a broad conspiracy to distribute massive amounts of narcotics and to commit violent robberies and murders over a period of several years.

the question of whether "the *evidence* establishes a single or multiple conspiracies is a question

of fact for the jury to decide," see, e.g., United States v. Ellender, 947 F.2d 748, 759 (5th Cir.

1991) (emphasis added), on a motion to dismiss, the court is obligated to review the *indictment*

to determine whether the allegations themselves, taken as a whole, fall within a legal theory that

supports joinder.  See, e.g., United States v. Levine, 546 F.2d 658, 664 (5th Cir. 1977); United

States v. Munoz-Franco, et al., 986 F. Supp. 70, 71 (D.P.R. 2001); United States v. Nachamie,

101 F. Supp. 2d 134, 153-54 (S.D.N.Y. 2000); see also Cisneros, 26 F. Supp. 2d at 45 ("[Rule

7(c)(1)] is satisfied if the indictment, when construed as a whole, informs the accused of the

nature of the charges against him"); Randle v. United States, 72 App. D.C. 368, 370 (D.C. Cir.

1940) ("The indictment must be read as a whole"); United States v. Markham, 537 F.2d 187, 192

(5th Cir. 1976) ("[t]he validity of an indictment is determined from reading the indictment as a

whole"); United States v. Godel, 361 F.2d 21, 24 (4th Cir. 1966) ("The indictment taken as a

whole must be construed as charging the defendants with participation in the same acts or

transactions").[2]

Count One of the Indictment expressly charges the defendants with a conspiracy related

solely to the possession and distribution of narcotics.  Yet, the indictment describes eleven acts

of violence in Count One's Overt Acts.  See Indictment at 7-10, 12, 14 (Overt Acts 2, 3, 4, 5, 12,

13, 17, 35, 36, 50, 51).  The Indictment does not allege that these violent acts — such as murder

and robbery — were goals of the conspiracy, nor were such violent acts alleged to be ways,

---

[2] In its opposition memorandum, the Government fails to address any of this case law.  Rather, the Government
erroneously asserts that Mr. Odle relied on the D.C. Circuit's opinion in United States v. Baugham, 449 F.3d 167
(D.C. Cir. 2006), to argue that Count One impermissibly alleges multiple offenses.  See Gov't Opp. at 3.  Mr. Odle's
Memorandum of Law in support of his motion references Baugham only in Section I(A) of his argument, which
addresses the Indictment's lack of an essential element in its narcotics conspiracy charge against Mr. Odle.  See
Memorandum of Law in Support of Defendant Keith Odle's Motion to Dismiss Counts One and Two of the
Superseding Indictment at 5.  Nowhere in his separate discussion of Count One's impermissible joinder of multiple
offenses does he rely on Baugham.  Rather, the multiple conspiracies argument is based on the case law cited above,
none of which has been distinguished by the Government.

manners, or means to accomplish the conspiracy. Thus, the Indictment does not allege a single agreement to possess and distribute narcotics; to the contrary, it alleges multiple agreements and, thus, multiple conspiracies — at least one narcotics distribution conspiracy and at least one separate conspiracy to commit violent offenses.

The Government claims that "the indictment [clearly] alleges a single conspiracy in count one and a single conspiracy in count two." Gov't Opp. at 4. In support of this contention, the Government asserts that paragraph 6 of Count One's manner and means section "states how [the] non-drug trafficking crimes furthered the goal of the conspiracy." Id. at 3. In fact, this paragraph merely states: "It was further a part of the conspiracy that the defendants and co-conspirators *possessed, carried and used* firearms to protect their drug trafficking operation from theft, robbery, and competition from rival sellers." Indictment at 6 (Manner and Means of the Conspiracy) (emphasis added). A vague reference to "us[ing]" firearms does not "clearly state" that murders allegedly committed by Messrs. Gooch, Dorsey, Robinson, Franklin, Simmons, and Bell were an objective of the alleged narcotics conspiracy, much less that Mr. Odle shared in that goal.[3]

This conclusion is especially apt when reading the Indictment as a whole. The comparison between Counts One and Two is striking. Count One merely makes a passing reference in its manner and means section to "us[ing]" firearms, without any indication that such use included the commission of violent robberies and murders in furtherance of the conspiracy; whereas Count Two specifically alleges that the acts of violence were goals and manners and

---

[3] On July 19, 2006, the Government filed a "Notice of Intrinsic Evidence" (Docket No. 593), in which it describes the use of firearms in furtherance of the narcotics conspiracy by way of intimidation or distraction — for example, by firing into the air. Alleging that firearms were used in this manner in furtherance of the narcotics conspiracy falls well short of an allegation that firearms were used to commit violent robberies and murders in furtherance of the narcotics conspiracy.

means of the RICO conspiracy.  <u>See</u> Indictment at 31 (discussing Count Two: "A principle goal of the organization was to obtain money and other things of value.  It was a further goal of the organization...*to commit acts of murder, attempted murder, robbery, burglary, assaults with a dangerous weapon, assaults with intent to kill, and other acts of violence*") (emphasis added); <u>id.</u> at 33 (discussing Count Two: "Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:...Members of the enterprise and their associates *committed, attempted and threatened to commit acts of violence, including murder and robbery*, to protect and expand the enterprise's criminal operations...promoted a climate of fear *through violence and threats of violence...used and threatened to use physical violence* against various individuals.") (emphasis added).

The Indictment's vague reference to "us[ing]" firearms is insufficient to connect the eleven alleged acts of violence discussed in Count One — specifically including murder and robbery — to the narcotics conspiracy set forth in Count One.  Accordingly, the only reasonable reading of Count One is that it alleges multiple conspiracies, one to traffic narcotics and a separate conspiracy to commit violent offenses.  Thus, Count One of the Indictment impermissibly joins multiple separate offenses in a single count, is therefore duplicitous and must be dismissed.

## CONCLUSION

For the reasons set forth in Mr. Odle's memorandum of law in support of his motion to dismiss Counts One and Two, and for the reasons set forth herein, Mr. Odle requests that the Court grant his motion and dismiss Counts One and Two against him.

Respectfully submitted,

KELLEY DRYE COLLIER SHANNON

By: _____/s/_____
Barry J. Pollack
Dawn E. Murphy-Johnson
3050 K Street, N.W.
Washington Harbour – Suite 400
Washington, D.C.  20007
Telephone: (202) 342-8472
Facsimile:  (202) 342-8451

Date:  July 26, 2006                    *Counsel for Keith Odle*