UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 04-128 (RMC) |
| v. | : | |
| | : | |
| JOHN FRANKLIN, et al. | : | |
|    (SHAWN HINSON, | : | |
|    KEITH ODLE AND | : | |
|    LARRY GOOCH ) | : | |
| | : | |
| _____ | : | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENSE MOTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following pleading as a supplement to the following previously filed oppositions – Government's Opposition to Defendant Gooch's Various Motions to Sever, Dismiss or Strike Counts (Doc. # 591) and Government's Reply to Defendant Hinson and Odle's Oppostion to Joinder and Opposition to Odle's Motion for Severance (Doc. #574). The United States Court of Appeals for the D.C. Circuit reported its decision in United States v. Samuel Carson, ___ F.3d ___ (slip op. 02-3015, D.C. Cir. July 21, 2006) after the Government filed its oppositions to these various motions. The Government draws the Court's attention to the Carson decision as persuasive and perhaps controlling precedent.

    1. Larry Gooch argued that the counts involving the murders of William Cunningham and Christopher Lane should be severed as these murders have no connection to the charged conspiracy. Carson contains a thorough examination of the elements of the VICAR statute. In finding that the failed robbery attempt/triple murder – not the typical business of the enterprise – "was done to further the ends of the enterprise" by supplementing its income, the Court rejected an argument that

this foray was not committed in furtherance of their membership in the enterprise. Id. at pages 58-62.

    2. Both Hinson and Odle argue that under Fed. Rules of Procedure 8(b), neither can be joined with Group 3 and under Rule 14, severance should be granted because of the risk of prejudice. The Carson Court rejected both arguments. First, the Court had "no doubt that the district court properly permitted joinder of [a variety of counts] under Rule 8(b) [,Where] [t]he indictment alleged that all of these counts were overt acts in furtherance of the narcotics conspiracy and predicate acts in furtherance of the RICO conspiracy." Id. at pg. 66. Second, the Court found that any risk of prejudicial spillover or jury confusion was adequately addressed by the trial court through limiting instructions and that defendants failed to show how a risk of prejudice would warrant severance. Id. at 68-69.

                                    Respectfully submitted,

                                    KENNETH L. WAINSTEIN
                                    United States Attorney
                                    Bar No. 451-058

By:    DARLENE M. SOLTYS
        Bar No. 431-036
        202-514-8147
        JOHN P. DOMINGUEZ
        Bar No. 959-809
        202-514-7060
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        **Counsel for United States**

**Certificate of Service**

I certify that on this 28th day of July, 2006, a copy of the foregoing motion was served on counsel for the defense through the court's ECF filing system.

                                                _____
                                                Darlene M Soltys and John P. Dominguez