UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.: 04-128 (RMC) |
| : | |
| LARRY GOOCH, : | |
| Defendant. : | |
| : | |

## GOVERNMENT'S REPLY TO DEFENDANT GOOCH'S MEMORANDUM ON JUROR QUESTIONNAIRE, VOIR DIRE, AND TRIFURCATION

The United States of America, through its attorney, the United States Attorney for the District of Columbia, replies to the Defendant's memorandum in support of the Court's Proposed Jury Questionnaire, Appropriate Punishment Related Voir Dire, Individually Sequestered Voir Dire, Attorney Questioning, and Trifurcation (Document 691) as follows:

1. In Document 691, defense counsel argued in favor of a variety of procedures effecting voir dire and pursued trifurcation of the penalty phase. In sum, the Government responds to each argument in seriatim:

    a. The Government concurs in defense counsel's request to conduct meaningful voir dire, but disagrees as to what is constitutionally required;

    b. The Government concurs in defense counsel's request to conduct individual and sequestered voir dire following each juror's completion of the jury questionnaire;

    c. The Government disagrees with the defense insistence that attorneys rather than the court conduct individual sequestered voir dire;

   d. The Government disagrees with the defense suggestion that peremptory challenges be exercised at the conclusion of individualized voir dire for each juror;

   e. The Government opposes trifurcation of the penalty phase for reasons already stated in a separate pleading on that topic, (Government's Document 684).

The Government's position on each topic is elaborated further herein.

  2. On October 25, 2006, the court announced the procedure to select and empanel a death penalty qualified jury. The court explained that it intended to utilize a jury questionnaire and to conduct individualized and sequestered voir dire. Neither party objects to that procedure. The court also announced that it would conduct voir dire by asking all the questions, including follow-up questions during the individualized and sequestered voir dire. The defense objects to this procedure, insists that attorneys be permitted to ask follow-up questions of the jurors directly, and implies that the court is constitutionally mandated to permit attorney questioning of jurors during the individualized sequestered voir dire. We do not agree to the defense analysis and observe that the defense misinterprets existing case law on the subject.

  3. Clearly, and especially in a capital case, the court is constitutionally required to conduct a "meaningful voir dire" and that such voir dire must be adequate to identify unqualified jurors. <u>Morgan v. Illinois</u>, 504 U.S. 719 (1988). In a capital case, adequate voir dire means that questioning of potential jurors must be permitted to allow counsel (presumably the Government) to challenge for cause those jurors who are opposed to the death penalty, <u>Witherspoon v. Illinois</u>, 391 U.S. 510 (1968). On the other extreme, counsel (presumably defense counsel) are permitted to challenge for cause jurors who would "automatically" impose the death sentence following a guilty verdict for murder. <u>Morgan</u>, <u>supra</u>, at 729 and 736. Further, juror's views about the death penalty that would "prevent or substantially impair the

performance of his duties as a juror in accordance with his instructions and his oath," are also excludable for cause. Morgan, supra, at 728-729. A court's refusal to permit voir dire adequate to elicit such jurors views would be constitutionally deficient because such a voir dire is part of the defendant's constitutional guarantee to a fair and impartial jury. Morgan, 504 U.S. at 729-730. The court's decision does not seek to preclude such constitutionally mandated inquiry, nor does it seek to impair the defendant's constitutional right to empanel a fair and impartial jury. The court did not preclude any questions from the attorneys, but stated that any questioning of the jurors during individual and sequestered voir dire would be conducted by the court.

    4. The defense pleading intimates that no constitutionally adequate voir dire could be conducted unless the attorneys were allowed to ask the follow up questions themselves. The Supreme Court cases cited above assure that a defendant is entitled an adequate voir dire to identify unqualified jurors and empanel an impartial jury. None of these cases however, support the proposition that exclusively court conducted voir dire is *per se* constitutionally inadequate, nor do they support the proposition that a defendant is constitutionally entitled to attorney conducted voir dire.

    5. Attorney participation in voir dire by actively asking questions of prospective jurors simply is not required. Trujillo v. Sullivan, 815 F.2d 597, 607 (10th Cir. 1987). The means utilized by the trial court to test the impartiality of jurors must create a reasonable assurance that prejudice would have been discovered if present. United States v. Saimiento-Rozo, 676 F.2d 146, 148 (5th Cir. 1982). Other courts have permitted direct attorney questioning of jurors with a time limit. United States v. Flores, 63 F.3d 1342, 1354 (5th Cir. 1995)(court gave the attorneys 3 hours to question each juror). The Court's announced procedure comports with the constitutional requirements. Moreover, exclusive court-conducted voir dire may be desirable here because it may actually speed the selection process, which

is an important and legitimate concern in a trial projected to last about four months after jury selection is completed . If the court followed the Flores decision and permitted 3 hours to conduct voir dire of each juror, it is unlikely that we could even empanel 80 prospective qualified jurors in less than 16 weeks. For these reasons and in this case, the Government supports exclusive court-conducted voir dire.

    6. The court also announced that it intended to implement a jury selection process in which challenges for cause be made at the conclusion of the individual sequestered voir dire of each juror. On this point, the Government and defense agree. The defense however, proposes that each side expend any peremptory challenge "as we go," or at the conclusion of individual sequestered voir dire. We disagree. The Government supports the process announced by the court, which would involve impaneling 80 qualified prospective jurors, then the parties would exercise their peremptory challenges to the entire panel as follows: 23 challenges to defendant Gooch, 23 to the Government, 10 challenges to the other defendants, and 6 to the Government. If all parties used all peremptory challenges, 56 of the panel of 80 would be excused, leaving a total of 18 (12 jurors and 6 alternates) to serve. The only effective way to use peremptory challenges is to be able to evaluate the entire venire after qualification, then decide which jurors are the least qualified (or least desirable) from the advocates' point of view. Ultimately, exercise of peremptory challenges into the entire qualified venire (80) will not appreciably lengthen the section process, particularly if the advocates exercise the challenges simultaneously.

    7. Finally, the defense propose that the court give their instruction in Attachment Exhibit A to Document 691, to the venire. The Government opposes the instruction. The defense cite no authority in support of the proposed instruction, nor do they cite any court which has agreed to give it. Even if they had cited any authority or support for the instruction, the Government would still oppose it because critical portions of the instruction are not fair and balanced. We do agree however, that an instruction

to the venire is appropriate. We suggest that the court consider the instruction attached, (two separate attachments) which was used by Judge Royce C. Lamberth in this court in the trial of U.S. v. Kevin Gray, et al. Cr. 00-157(RCL). He provided guidance to the jurors during their initial encounter with the court during voir dire, and also permitted inclusion of a limited explanatory instruction in the juror questionnaire. The Government intends to submit a juror questionnaire and proposed preliminary and final instructions before trial but will do so under separate pleading, and in any event, will consult with defense counsel in an effort to reach a concurrence.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY



Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147



John P. Dominguez
Assistant United States Attorney
DC Bar # 959809
Organized Crime & Narcotics Section
555 4th Street, N.W. – Room 4247
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the defendant on this 16th day of November, 2006.

_____
 John P. Dominguez
Assistant U.S. Attorney