## XVII.  CONSIDERATION OF THE DEATH PENALTY

In this case, two of the men on trial - Kevin L. Gray and Rodney L. Moore - face a potential sentence of death on certain charges in the Indictment.  Kevin L. Gray faces a potential sentence of death on Count 17, which alleges that Kevin L. Gray killed Scott Downing while the defendant was engaging in or working in furtherance of a continuing criminal enterprise; Count 65, which alleges that Kevin L. Gray killed Rodney Faison while the defendant was engaging in or working in furtherance of a continuing criminal enterprise; and Count 69, which alleges that Kevin L. Gray killed Ricky Fletcher while the defendant was engaging in or working in furtherance of a continuing criminal enterprise.  Rodney L. Moore faces a potential sentence of death on Count 67 of the Indictment, which alleges that Rodney L. Moore killed Roy Cobb while the defendant was engaging in racketeering activity.  In a case where the individual jurors may have to consider death as a possible punishment, it is important that we know your thoughts and opinions regarding the death penalty.

If the jury at the conclusion of the guilt/innocence phase of the trial finds Kevin L. Gray or Rodney L. Moore guilty beyond a reasonable doubt of these specified counts, there will be a second phase of the trial, which we call the sentencing phase.  The first phase of the case deals only with evidence on the question of whether or not the Government has proven each element of the crime beyond a reasonable doubt.  During the guilt/innocence phase of the case, the possibility of punishment must not enter into your deliberations at all.

If the jury determines at the conclusion of the trial stage of the case that Kevin L. Gray is guilty beyond a reasonable doubt of one or more of Counts 17, 65, and 69, and/or that Rodney L. Moore is guilty beyond a reasonable doubt of Count 67, the jury's service will not be over.  The same jury must also decide, at the sentencing hearing for each defendant, whether or not Kevin L. Gray and/or Rodney L. Moore is to be sentenced to death or to life imprisonment without the possibility of release.  The sentencing hearings are expected to last 2 to 3 weeks.

During each sentencing hearing, the Government would have the opportunity to present information as to certain things referred to in the law as aggravating factors, or the circumstance that are sufficient to justify the imposition of the death penalty.  Kevin L. Gray and Rodney L. Moore would have the opportunity at the sentencing hearing to present information of what are referred to as mitigating factors, or the circumstance about the crime or about the individual defendant that would suggest that the death penalty is not appropriate in this case.  Mitigating circumstances are not circumstances that would constitute a complete defense to the charges, such as self-defense or insanity.  Mitigating circumstances are facts about the defendant or the crime that would cause you to believe that a sentence of death is not appropriate, such as information about the character of the defendant.

Before each juror could vote to impose the death penalty, each juror would have to be persuaded beyond a reasonable doubt that the defendant had the requisite state of mind when he engaged in the crime.  Each juror must also find that at least one or more of the specific aggravating factors set forth in the death penalty statute and identified by the Government exists.  Each juror must consider any information submitted by the defendant in mitigation of sentence,

as well as consider any mitigation that that individual juror can determine exists within the entire case.

Moreover, before each juror could vote to impose the death penalty, each juror would also have to be persuaded that the aggravating factors that the jury unanimously found to exist sufficiently outweighed any mitigating factors found by that individual juror. Even if each juror did not find any mitigating factors, each juror would still have to be persuaded that the aggravating factors were themselves sufficient to justify a death sentence. Each juror is never required to return a sentence of death, even after a determination that aggravating factors may outweigh mitigating factor(s). Each juror must come to his or her own individual decision as to whether to impose the death penalty. To impose the death penalty, each juror must agree to impose the death penalty. If all jurors do not unanimously agree on a sentence, either the death penalty or life imprisonment without possibility of release, the court must impose a sentence of life imprisonment without possibility of release.

In sum, the jury is never required to impose a sentence of death upon a defendant. You should know, however, that if each juror decides to impose the death penalty on either Kevin L. Gray or Rodney L. Moore, this Court is required to sentence that defendant to death. If the jury decides to impose a sentence to be determined by the Court, that is, life imprisonment without the possibility of release, the Court is required to impose that sentence. In other words, the Court cannot change your decision.

Obviously, this is only an overview of the law applicable to a jury's consideration of the death penalty. If this case were ever to require a sentencing hearing - and remember each of the defendants is presumed innocent of the charges that have been brought against him - the Court will instruct the jury in more detail about its duties.

161.  In general, what are your feelings about the use of the death penalty (capital punishment)?
_____
_____
_____

162.  Which of the following categories best describes your feelings about the death penalty (check one):

( ) Strongly in favor of the death penalty
( ) Somewhat in favor of the death penalty
( ) No particular feelings about the death penalty
( ) Somewhat opposed to the death penalty
( ) Strongly opposed to the death penalty

163.  What is the source of your feelings or beliefs about the death penalty?
_____