UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No.: 04-128 (RMC) |
| : | |
| **JOHN FRANKLIN, et al** : | |
| **(KEITH ODLE,** : | |
| **LARRY GOOCH,** : | |
| **SHAWN HINSON,** : | |
| **JONTE ROBINSON,** : | |
| **KENNETH DODD, and** : | |
| **TOMMY DORSEY,** : | |
| **Defendants.** : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION TO CORRECT COUNT 117

The United States of America, through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum of points and authorities in support of its motion to permit the Government to correct a typographical/clerical mistake in count 117 of the superseding indictment returned October 19, 2005, in the above captioned case.

1. On October 19, 2005, the grand jury returned a superseding indictment in the above captioned case. Count 117 charges defendant's Larry Gooch, Tommie Dorsey and Jonte Robinson with the first degree murder while armed of Christopher Lane, in violation of 22 D.C. Code, §§2101 and 4502. The indictment explicitly and correctly names Christopher Lane as the decedent who was killed on August 1, 2000. Count 117 then erroneously alleges that William Cunningham died from injuries inflicted upon Christopher Lane. The indictment should be amended to replace the name "William Cunningham" with Christopher Lane. Count 117 of the indictment currently reads as follows:

**LARRY GOOCH, also known as "Goo," TOMMIE DORSEY, also known as "Pinball," and JONTE D. ROBINSON, also known as "Tay," also known as "Black,"** and a person whose identity is known to the Grand Jury, within the District of Columbia, while armed with firearms, purposely and with deliberate and premeditated malice, killed Christopher Lane by shooting him with a firearm on or about August 1, 2000, thereby causing injuries from which *William Cunningham* died on or about August 1, 2000, in violation of 22 D.C. Code, Sections 2101, and 4502.
(**First Degree Murder While Armed**, in violation of 22 D.C. Code, Sections 2101, and 4502)

The erroneous language is highlighted in italics. The italicized name *William Cunningham* should be replaced by amendment with the name Christopher Lane, to correct the error in the wording of the indictment. The correction does not change the substance of the indictment, as count 117 already put the defendants on notice to defend against the murder of Christopher Lane. Count 112 of the indictment correctly states that these same defendants are charged with the murder of William Cunningham.

2. Amendments of substance to an indictment require action of the grand jury. Ex Parte Bain, 121 U.S. 1 (1887). Federal courts prohibit substantive amendments to the indictment (without action of the grand jury) but permit changes in indictments that are merely a "matter of form" or which correct insignificant clerical errors. United States v. Kegler, 724 F.2d 190, 194 (D.C. Cir. 1983)(quoting, United States v. Bush, 659 F.2d 163, 167 (D.C. Cir. 1981 )). The modern rule is that an indictment may be amended by the court, provided that the amendment is not substantial, it is sufficiently definite and certain, the accused is not unfairly surprised, and any evidence the defendant hadbefore the amendment would be equally available to him after the amendment. Kegler, supra, at 194.

3. The amendment here is one of form, not substance. Amending the indictment here to reflect that it was Christopher Lane who died of the injuries, does not subject the defense to any additional burden. The indictment already states that the defendants shot Christopher Lane, so there is not confusion as to who the victim/decedent was. None of the defendants could claim in good faith, that they are prejudiced by the amendment, or that the indictment absent the amendment, was otherwise

defective, or that it failed to put them on notice that they were accused to shooting and killing Christopher Lane.

4. The court should grant the amendment as it pertains to matters of "form" not "substance" of the indictment.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147


John P. Dominguez
Assistant United States Attorney
DC Bar # 959809
Organized Crime & Narcotics Section
555 4th Street, N.W. – Room 4247
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this ____ day of November, 2006.

_____
John P. Dominguez
Assistant U.S. Attorney

Case 1:04-cr-00128-RMC    Document 703-3    Filed 11/30/2006    Page 4 of 4